57 CCPA

**LAFAYETTE RADIO ELECTRONICS CORP., Appellant,**

**v.**

**The UNITED STATES, Appellee.**

**Customs Appeal No. 5344.**

United States Court of Customs and Patent Appeals.

Feb. 26, 1970.

---

Barnes, Richardson & Colburn, New York City, attys. of record, for appellant.

Earl R. Lidstrom, James S. O'Kelly, New York City, of counsel.

William D. Ruckelshaus, Asst. Atty. Gen., Andrew P. Vance, Chief, Customs Section, Velta A. Melnbrencis, New York City, for the United States.

Before RICH, Acting Chief Judge, ALMOND, BALDWIN and LANE, Judges, and McMANUS, Chief Judge, Northern District of Iowa, sitting by designation.

LANE, Judge.

This is an appeal from the decision and judgment of the Customs Court, 62 Cust.Ct. 44, C.D. 3672 (1969), overruling appellant's protest against the classification of the imported merchandise.

The merchandise consists of transistor radios with leather cases. The radios were classified and assessed with duty under paragraph 353 of the Tariff Act of 1930, as modified by T.D. 52739:

> Electrical signaling, radio, welding, and ignition apparatus, instruments (other than laboratory), and devices, finished or unfinished, wholly or in chief value of metal, and not specially provided for (not including television apparatus, instruments, or devices) .........................12½% ad val.

The leather cases were separately classified and assessed with duty under paragraph 1531 of the Tariff Act of 1930, as modified by T.D. 51802:

> Bags, baskets, belts, satchels, cardcases, pocketbooks, jewel boxes, portfolios, and other boxes and cases, not jewelry, wholly or in chief value of leather (except reptile leather), or parchment * * *:
>
> \* \* \* \* \* \* \* \* \* \*
>
> Bags, baskets, belts, satchels, pocketbooks, jewel boxes, portfolios, and boxes and cases, not jewelry; any of the foregoing not provided for heretofore in this item .........................20% ad val.

Appellant contends the merchandise should have been classified as entireties under paragraph 353, as modified, supra.

The Customs Court found, and we agree, that the pertinent facts in this case are undisputed. Both models here

in issue, the FS–91 and the FS–223, were imported and sold by appellant in a box which contained a radio, removable leather case, battery, and earphone. Normally none of these items was separately sold by appellant, but a customer who had purchased a radio with a case, and had lost or damaged the case, could replace the case by a special order, which would be forwarded to the company's main office and there filled. The radios were never sold by appellant without a leather case. A case designed for one model was not interchangeable with the case for another model, since the cases were separately designed to fit the respective radio models and had die cuts positioned for the dials, knobs, antennas, etc., of the respective radio models. The radios could, of course, be operated outside the leather cases. The cases served to protect the radio cabinets, to lend portability to the radios, and to enhance their appearance and marketability.

The Customs Court overruled appellant's protest and held that the merchandise was dutiable not as entireties but as separate items. The court, in so holding, followed its own prior decision in Lafayette Electronics Mfg. Corp. v. United States, 57 Cust.Ct. 171, C.D. 2756 (1966), which involved similar issues. The court quoted from that decision as follows:

> Fitted leather cases designed for use in holding and transporting binoculars, cameras, and electric shavers, respectively, have been held not to constitute entireties with the articles contained, on the ground that the cases are separate, distinct, and complete entities apart from the articles and are not necessary for the articles to function properly. United States v. Hensel, Bruckmann & Lorbacher, Inc., 22 CC PA 281, T.D. 47330; Camera Specialty Co., Inc., et al. v. United States, 37 Cust.Ct. 144, C.D. 1814; R. J. Saunders & Co., Inc. v. United States, 50 Cust.Ct. 229 Abstract 67720 Acc. United States v. E. Leitz, Inc., 22 CC

PA 277, T.D. 47329 (wood and paper cases for microscopes).

The court then distinguished our decision in Miniature Fashions, Inc. v. United States, 54 CCPA 11, C.A.D. 894 (1966), in which we held that cabana sets consisting of shirts and shorts were, under the facts there involved, dutiable as entireties. The court viewed *Miniature Fashions* as not setting forth any single criterion for classifying merchandise as entireties. The court further noted that the cabana sets in *Miniature Fashions* were inexpensive articles of children's apparel, having little, if any, value when separated. In the present case, the court noted, the valuations were: FS-91–radio $13.23; case $0.78. FS-223–radio $12.-60; case $1.10. The court concluded that it could not be said that either the radio or the case was practically valueless apart from the other.

Appellant urges that the earlier *Lafayette* decision followed by the Customs Court is not *stare decisis* in this court. Appellant further contends that the principles announced in *Miniature Fashions,* supra, govern here. It is appellant's position that each radio and case were designed as a unit, imported as a unit and sold as a unit, and therefore should be considered as a single article of commerce and dutied as an entirety.

The Government contends that the Customs Court's prior decision in *Lafayette* supra, is *stare decisis* here. The Government also agrees with the decision of the Customs Court in the present case, for the reasons stated in that court's opinion as outlined above.

We find that the Customs Court's decision in the present case was incorrect and that its judgment must be reversed.

■ We express no opinion on the correctness of the Customs Court's earlier decision in *Lafayette,* the facts of which are not completely before us. As to the law announced in that opinion, it is not *stare decisis* here in the sense

of being binding upon us, and possibly not even upon the Customs Court. See Sol Raphael v. United States, 23 CCPA 253, T.D. 48110 (1936). We agree with the Government that the case is a precedent entitled to consideration by us, but we do not agree that we are bound to follow it.

 We agree with the prior decision in *Lafayette* to the extent that it holds that there are no ironclad rules or universally applicable principles for determining whether merchandise should be classified and dutied as entireties. As to the "fitted case" decisions of this court, relied upon by the Customs Court in the present case and in the earlier *Lafayette* case, we find them distinguishable both in fact and in principle from the present case. United States v. Hensel, 22 CCPA 281, T.D. 47330 (1934), involved fitted binocular cases. United States v. Leitz, 22 CCPA 277, T.D. 47329 (1934) involved wood and paper cases for microscopes. In each instance this court held that the items should be dutied separately and not as entireties. The facts of both cases were similar to those of the present case to the extent that the binoculars and microscopes were always imported and sold together with their respective cases. However, we find a significant fact in the present case which was not present in either *Hensel* or *Leitz*, namely, that the radios here can function and are designed to function *in the cases*. This fact tends to show that the radio and the leather case function as a unit, and when this is added to the facts of importation and sale as a unit, enhancement of appearance, and the functional contributions of protection and portability afforded by the case, we conclude that a proper showing has been made that the merchandise here should be treated as entireties.

Our conclusion is not changed by the fact that the leather case is not necessary to the operation of the radio, although this fact is entitled to some weight. Radios frequently come equipped with parts which are not strictly necessary but

which are integral with and enhance the commercial value of the unit.

The judgment of the Customs Court is reversed.

Reversed.