**The UNITED STATES, Appellant,**

**v.**

**SEAGULL MARINE, Appellee.**

**Appeal No. 79–41.**

United States Court of Customs and Patent Appeals.

July 31, 1980.

Alice Daniel, Asst. Atty. Gen., David M. Cohn, Director, Joseph I. Liebman, Attorney in Charge, Field Office for Customs Section, Susan C. Cassell, Commercial Litigation Branch, New York City, for the U. S.

Edward N. Glad, Los Angeles, Cal., for appellee.

Before MARKEY, Chief Judge, RICH, BALDWIN and MILLER, Judges, and WINNER, Chief Judge.*

BALDWIN, Judge.

This is an appeal from the judgment of the United States Customs Court, 83 Cust.Ct. ——, C.D. 4814, 475 F.Supp. 158 (1979), sustaining appellee's claim that the goods in issue, inflatable rubber liferafts, are "vessels" and as such are "intangibles" and not dutiable under the Tariff Act of 1930. We reverse.

* The Honorable Fred M. Winner, United States District Court for the District of Colorado, sitting by designation.

*The Imported Merchandise*

The merchandise in this action consists of inflatable rubber liferafts exported from Wales and entered in California in early 1977. These liferafts have a carrying capacity of from 4 to 16 persons, are made of rubber covered fabric with sides consisting of two inflatable tubes with inflatable arches which support a double-wall canopy having an opening at one end, and are inflated by means of a carbon dioxide cylinder. The liferafts are imported in a deflated condition packed in low profile canisters or valises and come equipped with various survival gear, e. g., sea anchors, first aid kits, seasickness tablets, flashlights, etc. The parties concede that the merchandise in issue is, in all material respects, the same as that in *Thornley & Pitt v. United States,* 273 F.Supp. 524, 48 Cust.Ct. 134, C.D. 2325 (1962), which appellee avers is *stare decisis* of the issue here.

*Statutory Provisions*

The merchandise was initially classified by the United States Customs Service under item 696.05 of the Tariff Schedules of the United States (TSUS) as a yacht or pleasure boat. In the court below, the government conceded that such classification was erroneous and contended that the merchandise should be classifiable under item 696.35, as pneumatic craft, at the duty rate of 6% ad valorem. The court agreed with appellee that the liferafts are "vessels" and, consequently, are not dutiable.

The pertinent TSUS subpart is:

Subpart D.—Pleasure Boats; Floating Structures

*Subpart D headnote:*

1. This subpart does not cover—

* * * * * *

(ii) vessels which are not yachts or pleasure boats (see general headnote 5(e)). Yachts or pleasure boats, regardless of length or tonnage, whether motor, sail, or steam propelled, owned by a resi-

dent of the United States or brought into the United States for sale or charter to a resident thereof, whether or not such yachts or boats are brought into the United States under their own power; and parts thereof:

| | Yachts or pleasure boats: | |
|---|---|---|
| 696.05 | Valued not over $15,000 each | 2% ad val. |
| 696.10 | Valued over $15,000 each | 6% ad val. |
| 696.15 | Parts | 7% ad val. |

Canoes, racing shells, pneumatic craft, and pleasure boats not specially provided for which are not of a type designed to be chiefly used with motors or sails; and parts of the foregoing:

| | | |
|---|---|---|
| 696.30 | Canoes and canoe paddles, of wood or bark | 5% ad val. |
| 696.35 | Pneumatic craft | 7.5% ad val. |
| 696.40 | Other | 12% ad val. |

General headnote 5(e) mentioned in the Subpart D headnote provides:

5. Intangibles—For the purposes of headnote 1— [1]

* . * * * * *

(e) vessels which are not "yachts or pleasure boats" within the purview of subpart D, part 6, or schedule 6, are not articles subject to the provisions of these schedules.

The term "vessel," when used in Subpart D and in general headnote 5(e) of the Tariff Act, is defined by 1 U.S.C. § 3 as including "every description of water craft or other artificial contrivance used, or capable of being used, as a means of transportation on water."

*Customs Court*

After receiving appellee's motion for summary judgment and the government's cross-motion for summary judgment, the Customs Court held that *Thornley & Pitt v. United States,*[2] supra, was *stare decisis* of the issue and granted appellee's motion for summary judgment. The court rejected the government's contention that the decision in *Thornley & Pitt* was clearly erroneous and in direct contradiction of precedent

---

1. General headnote 1 provides that all articles imported into the United States are subject to duty unless excepted under another general headnote.

2. There the Customs Court held that inflatable liferafts, imported as cargo, were "vessels" within the definition of that term as codified in 1 U.S.C. § 3 and exempt from duty under the Tariff Act of 1930.

thus making the doctrine of *stare decisis* inapplicable.

The liferafts were seen to be specially provided for under the "vessels" provision of general headnote 5(e) and hence nondutiable. The government's argument that *United States v. Bethlehem Steel Co.*, 53 CCPA 142, C.A.D. 891 (1966) modified the statutory definition of "vessels" by requiring that they be used in a commercial or maritime service was not considered persuasive. *Bethlehem Steel* was seen as going no further than saying that watercraft designed and intended for purposes other than transportation do not come within the meaning of the term "vessel." The vessel part or "midsection" involved in *Bethlehem Steel* was designed for use in *construction* rather than in *maritime* service. *Bethlehem Steel* was, therefore, irrelevant to the questions in *Thornley & Pitt* and the case at hand.

Additionally, the court concluded that, contrary to the government's contention, the provision in item 696.35 for pneumatic craft was not evidence that the legislature desired to change the status of liferafts, that item being only a redistribution in the TSUS of articles previously classified under paragraph 1537(b) of the Tariff Act of 1930 and was not a substantive change.

## OPINION

The issue is whether the imported merchandise, i. e., inflatable liferafts, is a "vessel" within the meaning of 1 U.S.C. § 3, general headnote 5(e), and Subpart D headnote 1(ii), TSUS, and entitled to duty-free status or whether the merchandise is dutiable under item 696.35 as pneumatic craft.

■ As to the law announced in *Thornley & Pitt*, it is not *stare decisis* here. A prior decision of the Customs Court is not binding upon this court. *Lafayette Radio Electronics Corp. v. United States*, 57 CCPA 62, C.A.D. 977, 421 F.2d 751 (1970). Thus, we are free to come to an independent conclusion in this matter.

■ As seen in 1 U.S.C. § 3, supra, the definition of the term "vessel" is quite broad. However, judicial precedent has limited the definition of "vessel" for tariff purposes and has established that not every watercraft meeting the bare terms of the definition is entitled to entry into the United States duty-free. In particular, the scope of the term "vessel" has been narrowed to limit duty-free treatment to watercraft that are *instrumentalities* of commerce as opposed to *articles* of commerce. See *The Conquerer*, 166 U.S. 110, 17 S.Ct. 510, 41 L.Ed. 937 (1897); *United States v. Bethlehem Steel Co.*, supra; *Hitner Sons Co. v. United States*, 13 Ct.Cust. App. 216, T.D. 41175 (1922); and *Thayer v. United States*, 2 Ct.Cust.App. 526, T.D. 32252 (1912).

■ In comparing the subject merchandise with the criteria set forth in *The Conquerer* and its progeny, supra, we see that the appellee's liferafts cannot be considered "vessels" within the meaning of general headnote 5(e). The subject liferafts are undocumented, incapable of use as commercial transportation, and do not serve as vehicles for importation of other merchandise. The merchandise is carried as equipment on yachts, pleasure boats, and the like. Therefore, the liferafts are articles of commerce rather than instrumentalities of commerce and as such are not "vessels" under general headnote 5(e).

Articles excluded by general headnote 5(e) are those excluded from Subpart D headnote 1(ii); therefore, the term "vessels which are not yachts or pleasure boats" in headnotes 5(e) and 1(ii) must be given the same scope of interpretation. If, in construing general headnote 5(e), the term "vessels" is broadly interpreted to include the subject liferafts, then headnote 1(ii) must be so construed or the intended interrelationship between general headnote 5(e) and Subpart D headnote 1(ii) would be destroyed. But if headnote 1(ii) is given the broad construction of headnote· 5(e), i. e., to include the subject liferafts in the definition of "vessels," then Subpart D would be rendered internally inconsistent. "Canoes, racing shells [and] pneumatic craft" expressly provided for in Subpart D

separately from "yachts or pleasure boats," would be excluded from Subpart D by headnote 1(ii) as "vessels which are not yachts or pleasure boats."

Applying the *Conquerer* and its progeny construction to general headnote 5(e) as discussed above avoids the intolerable result of Subpart D headnote 1(ii) being internally inconsistent. The *Conquerer* construction excludes canoes, racing shells and pneumatic craft from the duty-free status of headnote 5(e) thus allowing those articles to be properly classified under items 696.30–696.-40 where they are specially provided for.

Additionally, it must be noted that Congress has specifically directed in item 853.10 that lifeboats and life saving equipment are to be afforded duty-free status when imported for use by institutions established to encourage the saving of human life. By such Congressional action, it is evident that Congress did not intend to exempt all lifeboats, including liferafts, from duty.

Since the subject liferafts are not "vessels" within the meaning of general headnote 5(e), since they do not meet the provisions of item 853.10, and since they are specifically provided for in item 696.35 as pneumatic craft, the Customs Court improperly held the subject liferafts to be nondutiable "vessels." The subject liferafts are dutiable as pneumatic craft in item 696.35. Accordingly, we *reverse*.

WINNER, Chief Judge, dissents.