## NISSHO–IWAI AMERICAN CORP., Plaintiff,

v.

## The UNITED STATES of America, Defendant.

No. 80–4–00637.

United States Court of International Trade.

March 12, 1986.

Stein Shostak Shostak & O'Hara (James F. O'Hara), Los Angeles, Cal., for plaintiff.

Richard K. Willard, Asst. Atty. Gen., Washington, D.C., Joseph I. Liebman, Atty. in Charge, Intern. Trade Field Office, Commercial Litigation Branch (Barbara M. Epstein), New York City, for defendant.

RE, Chief Judge:

The question presented in this case pertains to the proper classification, for customs duty purposes, of certain parts and accessories of unassembled bridges or bridge sections imported from Japan.

The merchandise was entered at the port of Anchorage, Alaska, and was classified by the Customs Service under item 652.98 of the Tariff Schedules of the United States (TSUS), a "basket" provision for bridges, bridge sections, and other structures and parts of structures of base metal. Hence, the merchandise was assessed with duty of 9.5 per centum ad valorem.

Plaintiff protests this classification, and contends that the merchandise is properly classifiable under item 652.96, TSUS, as "columns, pillars, posts, beams, girders and similar structural units," made in part of alloy iron or steel, dutiable at 5.5 per centum ad valorem.

Since resolution of the classification issue requires analysis of the tariff items relating to the superior heading, it is helpful to set forth the tariff provisions relating to these base metal structures as of the date of importation:

Schedule 6, Part 3, Subpart F:

Hangars and other buildings, bridges, bridge sections, lock-gates, towers, lattice masts, roofs, roofing frameworks, door and window frames, shutters, balustrades, columns, pillars, and posts, and other structures and parts of structures, all the foregoing of base metal:

    Of iron or steel:

      Door and window frames:

      . . .

      Columns, pillars, posts, beams, girders, and similar structural units:

        Not in part of alloy iron or steel:

        . . .

        In part of alloy iron or steel:

| | | |
|---|---|---|
| 652.95 | In part of stainless steel | 6% ad val. |
| 652.96 | Other | 5.5% ad val. |
| 652.98 | Other | 9.5% ad val. |

As noted, plaintiff contends that the imported merchandise is classifiable under item 652.96, with duty at 5.5% ad valorem, whereas Customs has classified the merchandise under item 652.98, with duty at 9.5% ad valorem.

The question presented, therefore, is whether, within the meaning of the competing tariff provisions, the imported merchandise is classifiable under item 652.98, the provision covering bridges, bridge sections, structures and parts of structures of base metal, as classified by Customs, or under item 652.96, the provision encompassing "Columns, pillars, posts, beams, girders, and similar structural units," in part of alloy iron or steel, as claimed by plaintiff. In order to decide this question, the court must consider "whether the government's classification is correct, both independently and in comparison with the importer's alternative." *Jarvis Clark Co. v. United States*, 733 F.2d 873, 878, *reh'g denied*, 739 F.2d 628 (Fed.Cir.1984); *E.R. Hawthorne & Co. v. United States*, 730 F.2d 1490, 1490 (Fed.Cir.1984).

The parties have agreed to a stipulation of the facts, and each has moved for summary judgment pursuant to Rule 56 of the Rules of the Court. Since there is no issue as to any material fact, the case may properly be decided on the parties' cross-motions for summary judgment. *See B & E Sales Co. v. United States*, 9 CIT ——, Slip Op. 85–22, at 5 (Feb. 28, 1985); *C.J. Tower & Sons of Buffalo, Inc. v. United States*, 68 Cust.Ct. 17, 22, C.D. 4327, 336 F.Supp. 1395, 1399 (1972), *aff'd*, 61 CCPA 90, C.A.D. 1129, 499 F.2d 1277 (1974).

After a careful examination of the stipulated facts, the pleadings and supporting papers, the pertinent tariff provisions, and the relevant case law, it is the determination of the Court that Customs has correctly classified the imported merchandise under item 652.98, TSUS.

The imported merchandise consists of the necessary parts and accessories of unassembled bridges or bridge sections, including columns, beams, girders, bolts, nuts, brackets, plates, hinges, drain boxes, railing, bridge shoes, and railing anchors. All parts and accessories are made of steel, in part of alloy. The merchandise, as imported, was ready for erection into bridge sections, and was later assembled into specific bridge sections of the Anchorage Port Access Bridge project in Anchorage, Alaska.

Plaintiff contends that the imported parts of bridge sections are "similar structural units" to "[c]olumns, pillars, posts, beams, [and] girders," within the ambit of the superior heading to item 652.96. In support of its position, plaintiff cites the canon of construction, *ejusdem generis*. The Court, however, has concluded that, since the imported merchandise is in fact more than these structural units, this guide to statutory interpretation provides no support for the plaintiff's contention that the imported merchandise is classifiable under item 652.96.

*Ejusdem generis*, which means literally, of the same class or kind, teaches that "where particular words of description are followed by general terms, the latter will be regarded as referring to things of a like class with those particularly described." *United States v. Damrak Trading Co.*, 43 CCPA 77, 79, C.A.D. 611 (1956). The doctrine of *ejusdem generis* is "a specific application or illustration of the broader maxim *noscitur a sociis*, i.e., known by its associates." *Economy Cover Corp. v. United States*, 76 Cust.Ct. 130, 132, C.D.

4645, 411 F.Supp. 783, 784 (1976). In *Economy Cover Corp.,* the court explained:

In essence, *ejusdem generis* means that when general words in a statute follow a specific enumeration of persons or things, the general words are not to be construed in their widest sense or meaning, but rather are to be limited, or held to apply, only to persons or things of the same kind or class as those specifically enumerated.

*Id.; see Oxford Int'l Corp. v. United States,* 75 Cust.Ct. 58, 68, C.D. 4608 (1975); *Nomura (America) Corp. v. United States,* 62 Cust.Ct. 524, 530, C.D. 3820, 299 F.Supp. 535, 540 (1969), *aff'd,* 58 CCPA 82, C.A.D. 1007, 435 F.2d 1319 (1971).

As applicable to customs classification cases, *ejusdem generis* requires that the imported merchandise possess the essential characteristics or purposes that unite the articles enumerated *eo nomine* in order to be classified under the general term. *See Economy Cover Corp., supra,* 76 Cust.Ct. at 132, 411 F.Supp. at 784–85; *Stylo Matchmakers Int'l v. United States,* 73 Cust.Ct. 78, 83, C.D. 4556 (1974). In order for plaintiff's classification to prevail, therefore, it must be established that the imported parts of bridge sections are structural units similar to columns, pillars, posts, beams, and girders. *See United States v. Bruckmann,* 65 CCPA 90, 93, C.A.D. 1211, 582 F.2d 622, 625 (1978); *J. Ray McDermott & Co. v. United States,* 69 Cust.Ct. 197, 205, C.D. 4394, 354 F.Supp. 280, 286 (1972); *Laurence Myers Scaffolding Co. v. United States,* 57 Cust.Ct. 333, 339, C.D. 2809, 259 F.Supp. 874, 878 (1966).

In *Laurence Myers Scaffolding Co. v. United States,* 57 Cust.Ct. 333, C.D. 2809, 259 F.Supp. 874 (1966), certain bridge overhang shores, highway shores, and building shores, used to support concrete form work, were classified under item 657.20, TSUS, as other "[a]rticles of iron or steel," not specially provided for elsewhere in the tariff schedules. The plaintiff argued that the merchandise was properly classifiable under item 652.94 as "columns, pillars,

posts, beams, girders and similar structural units," not in part of alloy iron or steel. In analyzing the common meaning of columns, pillars and posts, the court noted that the one common characteristic of these terms was that they offered firm upright support to a building or structure. *Id.* at 340, 259 F.Supp. at 879. In addition, the court found that these structural members were of unitary construction. Since the building shores at issue comprised tubular uprights, fastened together by coupling pins, braced by cross bars and adjusted by stopper pins and an incorporated jack, the court found the shores were composite articles. Thus, the court held that the shores were "not similar structures to columns, pillars and posts within the common meaning of those terms but were in fact more than said designated structural units...." *Id.*

The decision in *J. Ray McDermott & Co. v. United States,* 69 Cust.Ct. 197, C.D. 4394, 354 F.Supp. 280 (1972), is in accord with this holding. At issue in *McDermott* were two steel components for an offshore oil drilling platform which were described as a "jacket section" and a "box girder." Both units were classified under item 652.-98 as "[o]ther" structures or parts of structures of base metal. The plaintiff claimed that both units were properly classifiable under item 652.94 as "[c]olumns, pillars, posts, beams, girders, and similar structural units," not in part of alloy iron or steel. Analyzing each imported component separately, the court held that the "box girder" should have been classified as a "girder" under item 652.94 because it served the single function of providing vertical support for the rig above it. The court found, however, that the platform jacket's primary function was not to provide upright support, but to protect the pipe piles from the elements. Since the unit's function was not primarily support, the court held that the imported "jacket section" could not be considered a similar structural unit to columns, pillars, and posts. 69 Cust.Ct. at 205, 354 F.Supp. 280. It is significant to note that the imported jacket, although comprised of steel, was classified under item 652.98.

These decisions make it clear that the terms columns, pillars, posts, beams, and girders refer to units that offer either vertical or horizontal support to a structure. Lexicographic authorities are in accord with this interpretation. For example, the Random House Dictionary of the English Language (unabr. ed. 1973) provides the following definitions:

Column: a rigid, relatively slender, upright support, composed of relatively few pieces.

*Id.* at 292.

Pillar: an upright shaft or structure ... relatively slender in proportion to its height. . . .

*Id.* at 1092.

Post: a strong piece of timber, metal, or the like, set upright as a support. . . .

*Id.* at 1122.

Beam: any of various relatively long pieces of metal, wood, stone, etc., manufactured or shaped esp. for use as rigid members or parts of structures or machines

. . . . *Engineering.* A rigid member or structure supported at each end, subject to bending stresses from a direction perpendicular to its length.

*Id.* at 129.

Girder: a large beam ... for supporting masonry, joists, purlins, etc.

*Id.* at 598.

Pertinent definitions indicate that columns, pillars and posts provide upright support, while beams and girders provide support against stresses or forces from a direction perpendicular to their lengths. All of these units are described as relatively slender in relation to their lengths or heights.

In this case, neither party contends that the different types of units comprising the bridge sections should be classified separately. Indeed, under the doctrine of entireties, when an importer imports a set of components designed to form a saleable unit, the merchandise is classifiable as that unit. *See, e.g., Lafayette Radio Elec. Corp. v. United States,* 57 CCPA 62, 66, C.A.D. 977, 421 F.2d 751, 754 (1970); *United States v. Mannesmann-Meer, Inc.,* 54 CCPA 24, 26–27, C.A.D. 897 (1966). Since the parties have stipulated that the imported merchandise consists of all the parts necessary to construct complete bridge sections, the merchandise was properly classified together.

There is no question that some of the imported units are columns, beams, and girders. Many other components of the imported merchandise, however, such as bolts, nuts, brackets, plates, hinges, drain boxes, railing, bridge shoes, and railing anchors, cannot be considered similar structural units to columns, beams, or girders. Clearly, these other parts are different or more than the enumerated units because they serve different functions than providing support. Since they are not of the same class or kind as columns, pillars, posts, beams and girders, plaintiff is not aided by the canon of *ejusdem generis.* Moreover, a bridge or bridge section is more than a column, beam or girder. In short, although the imported parts of bridges and bridge sections may be structural units, these units, classified as an entirety, cannot be considered "similar structural units" to columns, pillars, posts, beams, and girders. Hence, they were not classifiable under item 652.96, and were properly classified by Customs under item 652.98.

Plaintiff argues that the imported merchandise cannot be classified under item 652.98 because that item only covers products made of base metals other than iron or steel. This contention, however, is without merit.

The superior headings to items 652.96 and 652.98, TSUS, can best be reviewed by examining each heading individually. Since the broadest superior heading enumerates or lists "bridges," "bridge sections," and "parts" *eo nomine,* it is clear that the imported bridge sections are specifically described under this heading. This superior heading is then subdivided or broken down by the subheading "[o]f iron or steel." Under the heading, "[o]f iron or

steel," are only two subordinate headings: "[d]oor and window frames," and "[c]olumns, pillars, posts, beams, girders, and similar structural units."

General Interpretive Rule 10(c)(i) of the Tariff Schedules of the United States' provides: "a superior heading cannot be enlarged by inferior headings indented under it but can be limited thereby." As a matter of statutory interpretation, the Court finds that the heading "[o]f iron or steel" is limited by its two inferior headings. Therefore, the coordinate heading for "[o]ther" may include structures of iron or steel that are not covered by the inferior headings.

In its brief, plaintiff argues that these two headings, "[d]oor and window frames" and "[c]olumns ... and similar structural units," which encompass items 652.90 through 652.96, "cover all structures and parts of structures enumerated in the superior heading which are of iron or steel, without exception." Plaintiff's Brief, at 7. Thus, according to plaintiff's reading of the statute, all of the items listed in the primary heading, such as "hangars and other buildings, bridges, bridge sections, lock-gates, towers, lattice masts, roofs, roofing frameworks, shutters [and] balustrades," if made of iron or steel, must be classified either as door and window frames, or as columns, pillars, posts, beams, girders, and similar structural units. Clearly, this result is untenable.

In order to avoid this anomalous or absurd result, and to effectuate the legislative intent, the two subordinate headings, "door and window frames" and "columns ..." must be read to limit the superior heading "[o]f iron or steel." *See* General Interpretive Rule 10(c)(i). Thus, the coordinate basket provision, item 652.98, must be read to include not only structures and parts of base metal other than iron or steel, but also structures and parts of iron or steel that are not included in items 652.90 through 652.96. Since the imported bridge parts cannot be classified under item 652.96, they are properly classifiable under the basket provision, item 652.98.

It may be noted that the subsequent legislative history of these provisions of the TSUS sheds light on the question presented in this case. In July 1979, Schedule 6, Part 3, was amended by the Trade Agreements Act of 1979, Pub.L. No. 96–39, § 1107(d), 93 Stat. 313. The statute now provides, in pertinent part:

> Hangars and other buildings, bridges, bridge sections, lock-gates, towers, lattice masts, roofs, roofing frameworks, door and window frames, shutters, balustrades, columns, pillars, and posts, and other structures and parts of structures, all the foregoing of base metal:
>
> Of iron or steel:
>
> . . . .
>
> Columns, pillars, posts, beams, girders, and similar structural units:
>
> . . . .
>
> In part of alloy iron or steel:

| | | |
|---|---|---|
| 652.95 | In part of stainless steel | 4.2% |
| 652.96 | Other | 3.9% |
| 652.97 | Offshore oil and natural gas drilling and production platforms | 9.7% |
| 653.00 | Other | 9.7% |
| 653.01 | Other | 9.7% |

The effect of this change was to add a basket provision for "other" under the subheading "of iron or steel." Thus, iron and steel structures not specially provided for under the other subheadings will now fall under item 653.00. The stated intent of Congress in amending the statute was to "reduce ambiguity and confusion in the use of the TSUS" without changing the rates of duty or classification of merchandise. *See* S.Rep. No. 249, 96 Cong., 1st Sess. 266, *reprinted in* 1979 U.S. CODE CONG. & AD. NEWS 381, 652. The Report of the House Ways & Means Committee states that the "[r]earrangement of the provisions is intended to clarify and ease the classification of these articles without effecting any changes in the rates of duty." H.R. Rep. No. 317, 96th Cong., 1st Sess. 194 (1979). The Senate Finance Committee agreed that no substantive change was intended. *See* S.Rep. No. 249, 96th Cong., 1st Sess. 266, *reprinted in* 1979 U.S. CODE CONG. & AD. NEWS 381, 652.

In comparing the TSUS provisions under consideration with the current sections as amended, it is clear that the legislature intended to apply the same tariff to all

bridges, bridge sections, and other structures of base metal not set forth in the subordinate headings, without regard to their steel and iron content. Under the 1979 amendment, bridge sections, in part of alloy steel, are classified under item 653.00, TSUS, and are assessed the same duty as structures of base metal other than iron and steel. This result is in accord with the Court's holding in this case.

Based upon an examination of the stipulated facts and other submissions of the parties, applicable statutory and judicial legal authority, it is the determination of the Court that the imported merchandise in issue was properly classified by Customs under item 652.98, TSUS.

Since the imported merchandise was properly classified under item 652.98 of the tariff schedules, plaintiff's protest is denied and the action is dismissed. Judgment will issue accordingly.