**W.Y. MOBERLY, INC., Plaintiff,**

v.

**UNITED STATES, Defendant.**

Court No. 81–09–01259.

United States Court of International Trade.

June 22, 1989.

Ross & Hardies (Joseph S. Kaplan, Bret E. Suval, and Michelle F. Forte), New York City, for plaintiff.

Stuart E. Schiffer, Acting Asst. Atty. Gen., Washington, D.C., Joseph I. Liebman, Attorney in Charge, International Trade Field Office, Commercial Litigation Branch, Civil Div., U.S. Dept. of Justice, New York City (John J. Mahon), for defendant.

DiCARLO, Judge:

This action is before the Court on remand to determine the tariff classification of various structural components of three land-based oil drilling rigs imported from Canada by W.Y. Moberly, Inc.

 The Court has jurisdiction under 28 U.S.C. § 1581(a) (1982). The Court holds that components which are of unitary construction and provide support to a structure are not classifiable as columns, pillars, posts, beams, girders, or similar structural units under item 652.94, of the Tariff Schedules of the United States (TSUS), if the components are "other than" or their features or functions make them "more than" a column, pillar, post, beam, girder, or similar structural unit. The Court affirms Customs' classification of the oil rig components still in dispute under item 652.-98, TSUS.

1. For merchandise entered before March 1, 1979, this classification was under item 652.98, TSUS. This provision was transferred to item 652.99, TSUS, on March 1, 1979, pursuant to Executive Order 12, 124 (Feb. 28, 1979), 44 Fed.Reg. 11,729, 11,731 (Mar. 2, 1979). Item 652.99, TSUS, was then transferred to item 653.-00, TSUS. Trade Agreements Act of 1979, Pub.L. No. 96–39, § 1107(d), 93 Stat. 313; *Nis-*

## BACKGROUND

The United States Customs Service classified various oil rig components under item 652.98, TSUS.[1] The importer protested this classification, and now appeals Customs' denial of its protest.

In *W.Y. Moberly, Inc. v. United States*, 10 CIT 391, 645 F.Supp. 282, *reh'g denied*, 10 CIT 497, 1986 WL 372 (1986), this Court rejected the importer's alternative claim, first raised at trial, that its merchandise was classifiable as "columns, pillars, posts, beams, girders, or similar structural units" under item 652.94, TSUS. Since item 652.-94, TSUS, does not provide for parts, the provision has been interpreted to require that the imported merchandise be of unitary construction. *Laurence Myers Scaffolding Co. v. United States*, 57 Cust.Ct. 333, 340, C.D. 2809, 259 F.Supp. 874, 879 (1966). The Court found that a component is not of "unitary construction" if it consisted "of more than one piece of metal." *Moberly*, 10 CIT at 399, 645 F.Supp. at 288 (citing *Frost Ry. Supply Co. v. United States*, 39 CCPA 90, 95 C.A.D. 469 (1951)).

On appeal, the Court of Appeals for the Federal Circuit explained the decision of the Court of Customs and Patent Appeals in *Frost:*

A built-up column or girder necessarily comprises more than one piece of metal. Consequently, when the court [in *Frost]* wrote: "The snubbers involved in the instant case are not of unitary construction, i.e., they consist of more than one piece of metal, all of which pieces are coiled and arranged in concentric form as set forth hereinbefore," [citation omitted] it did not mean that no article consisting of more than one piece of metal is of unitary construction, but rather that the pieces of the item in question were not so arranged as to form an article of unitary construction.

*sho–Iwai Am. Corp. v. United States*, 10 CIT 154, 160–61, 641 F.Supp. 808, 812 (1986). No substantive change in the rate of duties or classification of articles was made by changing item 652.99, TSUS, to item 653.00, TSUS. *See* S.Rep. No. 249, 96th Cong., 1st Sess. 266, *reprinted in* 1979 U.S.Code Cong. & Admin. News 381, 652. For purposes of clarity in discussion, this decision will refer only to item 652.98, TSUS.

*W.Y. Moberly, Inc. v. United States,* 825 F.2d 391, 393 (Fed.Cir.1987). The court of appeals accordingly found that an article formed of multiple pieces of metal could still be of "unitary construction" depending on their arrangement. The court reversed and remanded for further proceedings to consider whether the imported components are of unitary construction, and, if so, to determine whether they are properly classifiable under item 652.94, TSUS, as claimed by the importer, rather than item 652.98, TSUS.

The parties engaged in further discovery, presented extensive testimony at a second trial, and conducted unsuccessful settlement negotiations.

## COMPETING TARIFF PROVISIONS

Schedule 6, Part 3, Subpart F provides in part:

> Hangers and other buildings, bridges, bridge sections, lock-gates, towers, lattice masts, roofs, roofing frameworks, door and window frames, shutters, balustrades, columns, pillars, and posts, and other structures and parts of structures, all the foregoing of base metal:
>
> Of iron or steel

The competing tariff provisions under this subpart are:

> Columns, pillars, posts, beams, girders and similar structural units:
>
> * * *

652.94 Other . . . . . . . . . . . . . 3.5% ad val.

* * *

652.98 Other . . . . . . . . . . . . . 9.5% ad val.

Classification under item 652.98, TSUS, refers to the superior heading to this subpart.

■ The meaning of a tariff term is a question of law. *Brookside Veneers, Ltd. v. United States,* 847 F.2d 786, 788 (Fed. Cir.), *cert. denied,* —— U.S. ——, 109 S.Ct. 369, 102 L.Ed.2d 358 (1988). As with other statutes, a court should not inquire further when congressional intent is clearly expressed in the language of the tariff provision. *Id.* at 788. Since such intent is not evident here as to the meaning of the *eo nomine* terms within the disputed provisions, the Court must construe the terms

according to their common meaning. *Austin Chem. Co. v. United States,* 835 F.2d 1423, 1426 (Fed.Cir.1987). In determining the common meaning of a tariff term, a court may consult dictionaries, testimony of record, and other reliable sources of information. *Brookside Veneers,* 847 F.2d at 789.

In *J. Ray McDermott & Co. v. United States,* 69 Cust.Ct. 197, C.D. 4394 (1972), the Customs Court adopted the definitions of column, pillar, post, and girder found in *Webster's Third New International Dictionary:*

> *column* . . . 2: a supporting pillar: as . . . a hollow steel cylinder with a jackscrew base [usually] set up between the floor and roof of mining workings to serve as a mounting for rock drills, light hoists, and other equipment . . .
>
> *pillar* . . . 1 a: a firm upright support for a superstructure: POST . . . 4: any of various vertical supporting members . . .
>
> *post* . . . 1: a piece of timber or other solid substance (as metal) fixed or intended to be fixed firmly in an upright position [especially] as a stay or support: PILLAR, PROP . . .
>
> *girder* . . . 1 a: a horizontal main member supporting vertical concentrated loads (as from beams) b: BEAM; [especially]: an iron or steel beam either made in a single piece or built up typically of plates, flitches, latticework, or bars and often of very large proportions—compare . . . BOX GIRDER . . .

69 Cust.Ct. at 206–08.

*Webster's* also defines a beam as:

> a structural member (as an iron girder) [usually] supported at the two ends that is laid horizontally to bear a load and brace a frame: a horizontal supporting span . . .; a long structural member not supported everywhere along its length and subject to the force of flexure.

*Webster's Third New International Dictionary* 190 (1961).

In *Nissho–Iwai Am. Corp. v. United States,* 10 CIT 154, 641 F.Supp. 808 (1986), the court used the definitions of column,

pillar, post, beam, and girder from *Random House Dictionary of the English Language:*

> *Column:* a rigid, relatively slender, upright support, composed of relatively few pieces.
>
> *Pillar:* an upright shaft or structure ... relatively slender in proportion to its height....
>
> *Post:* a strong piece of timber, metal, or the like, set upright as a support....
>
> *Beam:* any of various relatively long pieces of metal, wood, stone, etc., manufactured or shaped [especially] for use as rigid members or parts of structures or machines ... *Engineering.* A rigid member or structure supported at each end, subject to bending stresses from a direction perpendicular to its length.
>
> *Girder:* a large beam ... for supporting masonry, joists, purlins, etc.

*Nissho–Iwai*, 10 CIT at 158, 641 F.Supp. at 811 (citations omitted).

Since technical engineering terms are at issue, the Court has also consulted the *McGraw Hill Dictionary of Engineering* (1984), which provides the following definitions:

> *column* ... A vertical shaft designed to bear axial loads in compression.
>
> *pillar* ... A column for supporting part of a structure.
>
> *post* ... A vertical support such as a pillar, upright, or fence stake.
>
> *beam* ... A body, with one dimension large compared with the other dimensions, whose function is to carry lateral loads (perpendicular to the large dimension) and bending movements.
>
> *girder* ... A large beam made of metal or concrete....

## DISCUSSION

According to the lexicographic definitions, expert testimony, and case law, columns, pillars, and posts are upright structural members that vertically support a compressive weight along a single axis. *Nissho–Iwai*, 10 CIT at 158, 641 F.Supp. at 811; *J. Ray McDermott*, 69 Cust.Ct. at 207. Beams and girders are also structural members which are supported at two ends, provide horizontal support from a direction perpendicular to their lengths, and resist bending. *Nissho–Iwai*, 10 CIT at 158, 641 F.Supp. at 811; *J. Ray McDermott*, 69 Cust.Ct. at 208. Girders are distinguished from beams in that a girder is larger and is a main structural member. All these terms connote components that are relatively slender in proportion to their length or height. *Nissho–Iwai*, 10 CIT at 158, 641 F.Supp. at 811. Columns, pillars, posts, beams, and girders must also be of unitary construction and be used to provide horizontal or vertical support to a structure. *W.Y. Moberly, Inc. v. United States*, 825 F.2d 391, 393 (Fed.Cir.1987); *Nissho–Iwai*, 10 CIT at 157, 641 F.Supp. at 810; *J. Ray McDermott & Co.*, 69 Cust.Ct. at 207; *Laurence Myers Scaffolding Co. v. United States*, 57 Cust.Ct. 333, 340, C.D. 2809, 259 F.Supp. 874, 879 (1966).

At the first trial no witness identified the components in dispute as columns, beams, girders, or similar structures. Nonetheless, the importer now argues they are properly classifiable under item 652.94, TSUS, because the components meet the requirements of unitary construction and providing vertical or horizontal support to structures.

Defendant concedes that the components still in dispute are of unitary construction, but argues that Customs correctly classified the components under the basket provision of item 652.98, TSUS, because the components are "more than" or "other than" the *eo nomine* terms in item 652.94, TSUS.

All merchandise meeting the bare requirements of unitary construction and providing horizontal or vertical support to a structure is not necessarily classifiable under item 652.94, TSUS. Notwithstanding unitary construction and provision of support to a structure, a component will not be classifiable as a column, pillar, post, beam, girder, or similar structural unit under item 652.94, TSUS, if the component is identified as "other than" the *eo nomine* exemplars or if its features or functions make it "more than" those exemplars. *See Phone–*

*Mate, Inc. v. United States*, 12 CIT ——, 690 F.Supp. 1048, 1053 (1988), *aff'd*, 867 F.2d 1404 (Fed.Cir.1989); *Eastalco Aluminum Co. v. United States*, 10 CIT 622, 623, 1986 WL 10513 (1986); *Robert Bosch Corp. v. United States*, 63 Cust.Ct. 96, 103, C.D. 3881 (1969).

## I. COMPONENTS CONCEDED TO BE CLASSIFIABLE UNDER ITEM 652.94

The government concedes to the importer's claims on the following components: Rotary Beam, Front A–Leg Supports, Two Only Engine Stand Diagonals, and Catworks Diagonal Spreader.

The Court has examined the testimony and exhibits, and finds that these components are of unitary construction and provide support to a structure. These components also have all the features and functions of columns, pillars, posts, beams, or girders according to the definitions of those terms. The Court holds that these components are properly classifiable as columns, pillars, posts, beams, girders, or similar structural units under item 652.94, TSUS.

## II. COMPONENTS CLASSIFIABLE UNDER ITEM 652.98

### A. *Claims Abandoned By The Importer*

At trial, the importer abandoned its claims on the following components:

(1) 25' Level Stairway,
(2) Catworks Flooring,
(3) 5' Level Rear Flooring,
(4) Wireline and Shackles,
(5) Pieces of Handrailing,
(6) Driller's Side Catwork Side Flooring,
(7) Assorted Brackets Support Flooring,
(8) 5' Level Driller's Flooring,
(9) Deadline Breakover Sheave,
(10) Engine Stand Stairway,
(11) Pipe Ramp Stairway,
(12) Doghouse Stairway,
(13) Fastline Breakover Sheave,
(14) Deadline Re–Direction Sheave,
(15) 4 Pieces of Wide–Flange Beam with Lugs and Pins,
(16) Rear Catworks Skid Floor,
(17) Off Driller's Side Stairway,
(18) Bottom Section Ladder,
(19) 5' Level Stairway,
(20) Front Engine Level Flooring,
(21) Wire Line, Slings, and Turnbuckles with Pins and Safety Pins, and
(22) Assorted Hollow Secure Tubing.

It is apparent from examination of the evidence regarding these components that they do not meet the definition of a column, pillar, post, beam, girder, or similar structural unit under item 652.94, TSUS, because none supports a structure. These claims are, therefore, dismissed.

### B. *Claims Still In Contention*

■ As to the claims the importer did not abandon, the question of whether a particular item fits within the meaning of a tariff term is a question of fact. *Brookside Veneers, Ltd. v. United States*, 847 F.2d 786, 788 (Fed.Cir.), *cert. denied*, —— U.S. ——, 109 S.Ct. 369, 102 L.Ed.2d 358 (1988). It is for the trial court to determine the weight to be accorded expert testimony and other evidence presented. *Austin Chem. Co. v. United States*, 835 F.2d 1423, 1426 (Fed.Cir.1987). A classification by Customs of imported merchandise is presumed to be correct under 28 U.S.C. § 2639(a)(1) (1982), and the burden of proving otherwise rests with the party challenging the classification. *Brookside Veneers*, 847 F.2d at 787; *Jarvis Clark Co. v. United States*, 2 Fed.Cir. (T) 70, 72–75, 733 F.2d 873, 876–78 (1984).

#### 1. Pipe Ramp

■ The pipe ramp is a component fabricated from two long beams connected with cross beams, and extending from the front face of the rig at the drilling floor to ground level at a 45 degree angle. T. 13, 173; Joint Exhibit III, drawing no. 2200–D23. The importer argues the ramp is a girder because it provides horizontal support to the drill collar, and to pipe dragged up it to the drilling floor. T. 59, 78. The importer's witness admitted, however, that these loads are not a structure. Tr. 14, 59. Since the ramp does not support a struc-

ture it is not classifiable under item 652.94, TSUS.

### 2. Stand Pipe Clamps

Seven stand pipe clamps are attached along the mast for 55'. They grasp a rotary hose and swivel, which run approximately a foot and a half from the mast leg and through which drilling mud is pumped. The clamps are attached to the mast leg by double U brackets with flanges on the pipe. On one of the brackets is welded a 1' long beam with a foot plate, which is bolted to a flange beam on the mast. Tr. 91–92; Joint Exhibit III, drawing no. 2200–D1.

The importer's witness stated that neither he nor anyone in the industry would refer to the standpipe clamps as beams or girders. Tr. 92–93. Nonetheless, the importer argues the clamps are beams because they provide horizontal support to the standpipe assembly, drilling hose, and drilling manifold, and must "withstand a bending load as well as to support the entire assembly." Tr. 31–32. The government's witness testified he would not characterize a standpipe clamp as a beam, girder, or column, but identified it as a "clamp with a stub." Tr. 183.

The blueprints show that this component looks like a clamp and not like a beam or girder. The standpipe clamps' primary function is not to provide horizontal support to a structure, but rather to secure the drilling hose to the mast leg. *See J. Ray McDermott & Co. v. United States*, 69 Cust.Ct. 197, 208, C.D. 4394 (1972) (an oil platform jacket section was not classifiable under item 652.94, TSUS, because its primary function was not to provide upright support but to protect pipe piles from the elements); *see also United States v. Humble Oil & Refining Co.*, 46 CCPA 138, 141, C.A.D. 717 (1959) (an oil pipeline was not classifiable as a "structural shape" because the stresses it resisted were merely incidental to its primary purpose of transporting oil). Since they do not resemble a column, pillar, post, beam, girder, or similar structural units, and do not primarily support a structure, the standpipe clamps

are not classifiable under item 652.94, TSUS.

### 3. Other Components

The other disputed components are:
(1) Driller's Side Flooring Supports
(2) Driller's Side Flooring
(3) Setback Floor
(4) 30' Level Rotary Floor Sections
(5) Set–Back Supports
(6) Rear Raising Frames
(7) Mast Bottom Sections
(8) Engine Stands
(9) Front Sub–Box
(10) Doghouse Supports
(11) Front Sub–Box Diagonal Spreaders
(12) Forward, Middle, and Rear Engine Stand Spreaders
(13) Catworks Support Spreader
(14) Front Sub–Structure Spreader
(15) Mast Bottom Section Spreader
(16) Set–Back Horizontal Spreaders

The driller's side flooring supports are two triangular elements attached to the upper part of the mast supports immediately below the setback floor. Tr. 44; Joint Exhibit III, drawing no. 2200–D1. As triangles, these supports do not resemble columns, pillars, posts, beams, girders, or similar structural units.

The driller's side flooring sits 30' above ground level and is constructed of plate, structural beams, and angles welded together. Tr. 38, 88; Joint Exhibit III, drawing no. 2200–D3.

The setback floor sits 30' above ground level and spans from between the well center, the center of the well, and the forward face of the rig on the working floor level. It is composed of plates, flat bars, beams, channels, and angles. Tr. 43, 109; Joint Exhibit III, drawing nos. 2200–C13, C14, D11.

The 30' level rotary floor sections lie close to the other two flooring components, in the vicinity of the rotary table. Joint Exhibit III, drawing nos. 2200–D3, D22, D38.

The set-back supports are two vertical members located on and off the driller's

side of the rig. Joint Exhibit III, drawing no. 2200–D10.

The rear raising frames are attached to the front A-leg supports, that the government concedes are columns. Tr. 40; Joint Exhibit III, drawing nos. 2200–D1, D15.

The mast bottom sections are two integrally-welded, fabricated members, which are composed of steel beams and structural angles, extending vertically approximately 20′ above the drill floor down to 5′ above ground level, and onto which are bolted the set-back supports and the rear raising frames. Tr. 45, 111–12; Joint Exhibit III, drawing nos. 2200–D1, D12.

The engine stands are on either side of the oil rig, each measuring 5′ high, by 32′ long, by 7′8″ wide, and composed of 2 three plate girders, angle iron, channel iron, flat bar, beams, plates, and tubes. Tr. 18–19, 72–3; Joint Exhibit III, drawing nos. 2200–C50, D2, D9.

The on and off driller's side front sub-box is pinned to the engine stand and located at ground level, directly below the drilling mast, setback floor, and rear raising frame, and is made of 100 components, including steel plates, standard rolled beams, flat bars, channel iron, angle iron, and pipe all fabricated into a single large unit, 42′ long, 5′ high, and 7′10″ wide. Tr. 35; Joint Exhibit III, drawing nos. 2200–D1, D4.

The doghouse supports are cantilevered members pinned to and extending out from the drill floor assembly. Tr. 83; Joint Exhibit III, drawing nos. 2200–D3, D22.

The front sub-box diagonal spreaders are located at the base of the rig, approximately 5′ ahead of the well center, and are pinned between the front sub-box spreader and the front substructure box. Tr. 52; Joint Exhibit III, drawing nos. 2200–C6, D4.

The forward, middle, and rear engine stand spreaders are parts of a frame to which three engine stand spreaders are bolted. Tr. 79; Joint Exhibit III, drawing no. 2200–D2. They have three welded cross members and two welded diagonals, and run perpendicular to two engine stands to give them structural integrity.

The catworks support spreaders are attached between two rear raising frames, and are constructed with cross beams and diagonals consisting of plates, flat bars, and beams. Tr. 41; Joint Exhibit III, drawing no. 2200–C16.

The front sub-structure spreader connects sections of the front sub-box, and is composed of a horizontal wide flange section made up of two diagonals, braces, and tubing. Tr. 36, 149; Joint Exhibit III, drawing nos. 2200–C6, D1, D4.

The mast bottom section spreader is pinned between two mast bottom sections above the drill floor. Joint Exhibit III, drawing nos. 2200–C19, D1.

The set-back horizontal spreaders are two members located on either side of the rig between the catworks spreader and floor. Joint Exhibit III, drawing no. 2200–D3.

The importer asserts that all of these components are classifiable as columns, beams, girders, or similar structural units because they support a load or structure. The government counters that all of these components are more than or other than the exemplars under item 652.94, TSUS, because all are frames or trusses, which are themselves composed of columns, pillars, posts, beams, and girders.

The mere fact that a component supports a structure is insufficient for classification under item 652.94, TSUS, if the component is other than or more than the *eo nomine* exemplars under that provision. The Court notes that no witness at the first trial called these components columns, pillars, posts, beams, or girders, and there is ample evidence that they are not known as such in the industry.

Based on the testimony of the government's witness and examination of the blueprints and other exhibits introduced at trial, the Court finds that all of these components are more than or other than columns, pillars, posts, beams, girders, or similar structural units. Most are frames or trusses.

## CONCLUSION

The importer has failed to overcome the presumption of correctness accorded Customs' classification of the oil rig components. Except as to those items agreed to be classifiable under item 652.94, TSUS, the Court affirms Customs denial of the importer's protest.

## JUDGMENT

This case having been heard at trial and submitted for decision, and the Court, after due deliberation, having rendered a decision; now in conformity with that decision,

HEREBY ORDERS the District Director of Customs at the Port of Great Falls Montana to refund all excess duties paid, together with interest as provided by law, and reliquidate under item 652.94, TSUS, the following entries: 1) Rotary Beam, 2) Front A–Leg Supports, 3) Two Only Engine Stand Diagonals, 4) Diagonal Catworks Spreader, and 5) Catworks Diagonal Spreader.

AND FURTHER ORDERS that the tariff classification of all other entries under item 652.98, of the Tariff Schedules of the United States is affirmed.

AND FURTHER ORDERS that this action is dismissed.