VAN DALE INDUSTRIES, PLAINTIFF *v.* UNITED STATES, DEFENDANT

Court No. 91–03–00178

(Decided April 1, 1994)

*Grunfeld, Desiderio; Lebowitz & Silverman (Steven P. Florsheim)* for Plaintiff.
*Frank W. Hunger,* Assistant Attorney General, *Joseph I. Liebman,* Attorney in Charge, International Trade Field Office, *(Susan Burnett Mansfield),* Commercial Litigation Branch, Civil Division, United States Department of Justice, for Defendant.

OPINION

DICARLO, *Chief Judge:* Plaintiff, Van Dale Industries, is the importer of record for the subject merchandise—women's or girls' underwear tops that cover the chest area and do not extend past the midriff of the wearer. The United States Customs Service classified the merchandise under Subheading 6109.10.00, Harmonized Tariff Schedule of the United States (HTSUS), which applies to "T-shirts, singlets, tank tops and similar garments" at a rate of 21% ad valorem. Plaintiff timely filed a protest against the liquidation of the merchandise. Upon denial of the protest, Plaintiff timely brought this action.

Plaintiff claims that Customs' classification is in error, and that the merchandise is properly classifiable under Subheading 6108.91.00, HTSUS, which applies to "women's or girls' slips, petticoats, briefs, panties, nightdresses, pajamas, negligees, bathrobes, dressing gowns and similar articles" at a rate of 9% ad valorem. In the alternative, Plaintiff claims that the merchandise is properly classifiable under Subheading 6212.90.00, HTSUS, which applies to "brassieres, girdles, corsets, braces, suspenders, garters and similar articles" at a rate of 7% ad valorem.

Both parties move for summary judgment. For the reasons that follow, the court grants Defendant's motion and affirms Customs' classification.

DISCUSSION

A. *Standard of Review:*

The court shall grant summary judgment when it determines that there is no genuine issue as to any material fact and that the moving

party is entitled to a judgment as a matter of law. USCIT R. 56(d). A fact is material only if it "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). In order to determine the materiality of a fact, the court must apply the substantive law to identify which facts are critical and which are irrelevant. *Id.*

A Customs classification is presumed to be correct and the burden of proving otherwise rests upon plaintiff. *See* 28 U.S.C. § 2639(a)(1) (1988). To determine whether plaintiff has overcome this burden, the court must consider "whether the government's classification is correct, both independently and in comparison with the importer's alternative." *Jarvis Clark Co. v. United States,* 2 Fed. Cir. (T) 70, 75, 733 F.2d 873, 878 (1984), *reh'g denied,* 2 Fed. Cir. (T) 97, 739 F.2d 628 (1984).

B. *Construction of Statutory Provisions:*

The pertinent provisions of the Harmonized Tariff Schedule of the United States are as follows:

| Heading/ subheading | Article Description | Rates of duty |
|---|---|---|
| 6108 | Women's or girls' slips, petticoats, briefs, panties, night dresses, pajamas, negligees, bathrobes, dressing gowns and similar articles, knitted or crocheted | |
| * * | * * * * | * |
| | Other: | |
| 6108.91.00 | Of cotton ......................... | 9% |
| * * | * * * * | * |
| 6109 | T-shirts, singlets, tank tops and similar garments, knitted or crocheted: | |
| 6109.10.00 | Of cotton ............................ | 21% |
| * * | * * * * | * |
| | Women's or girls': | |
| 37 | Underwear | |
| | Other: | |
| | T-shirts: | |
| 40 | Women's | |
| 45 | Girls' | |
| | Tank tops: | |
| 60 | Women's | |
| 65 | Girls' | |
| 70 | Other | |
| * * | * * * * | * |
| 6212 | Brassieres, girdles, corsets, braces, suspenders, garters and similar articles and parts thereof, whether or not knitted or crocheted: | |
| * * | * * * * | * |
| 6212.90.00 | Other ................................ | 7% |

Customs classified the merchandise as women's or girls' underwear under 6109.10.0037, HTSUS. The merchandise is not among the exemplars specified in headings 6108, 6109, or 6212. The question before the court is whether Customs is correct in classifying the merchandise as "similar garments" under Heading 6109.

In interpreting the United States tariff provisions, the objective of the court is to determine and give effect to the intent of Congress. *See Sandoz Chem. Works, Inc. v. United States,* 43 CCPA 152, 156, C.A.D. 623 (1956). The starting point of this inquiry is the language of the statute. Where it is unclear whether merchandise falls within the language of the statute, the court may resort to legislative history and to rules of statutory construction. *United States v. Damrak Trading Co., Inc.,* 43 CCPA 77, 79, C.A.D. 611 (1956). The court has not found, nor have the parties referred to, any legislative history of the statutory provisions in question.

One rule of statutory construction is *ejusdem generis,* which means "of the same kind, class, or nature." *Black's Law Dictionary* 464 (5th ed. 1979). This rule applies "whenever a doubt arises as to whether a given article not specifically named in the statute is to be placed in a class of which some of the individual subjects are named." *Damrak,* 43 CCPA at 79. Under *ejusdem generis,* where particular words of description are followed by general terms, the latter will be regarded as referring to things of a like class with those particularly described. *Id.* In other words, *ejusdem generis* requires that merchandise possess the particular characteristics or purposes that unite the specified exemplars in order to be classified under the general terms. *See Nissho-Iwai Am. Corp. v. United States,* 10 CIT 154, 157, 641 F. Supp. 808, 810 (1986) (citations omitted).

*C. Whether Customs' Classification is Erroneous:*

Customs classified the merchandise as women's or girls' underwear under Heading 6109, which provides for "T-shirts, singlets, tank tops and similar garments." The merchandise is women's or girls' underwear tops that cover the chest area, do not extend past the midriff of the wearer, have a ribbed bottom and do not provide any shape or support to the breasts. Plaintiff claims that heading 6109 garments possess two essential characteristics: they all extend to the waist and they are all appropriate as outerwear. Since the merchandise neither extends to the waist nor is appropriate as outerwear, Plaintiff argues, it is not classifiable under Heading 6109.

In support of its argument that all Heading 6109 garments must extend to the waist, Plaintiff cites the "Guidelines for the Reporting of Imported Products in Various Textile and Apparel Categories" issued by U.S. Customs Service, Customs Information Exchange, CIE 13/88 (Nov.

23, 1988),[1] which state that for T-shirts, "[a] ribbed waistband, a drawstring, or other tightening at the waist is not allowed;" and for tank tops, "[b]ottom hems may be straight or curved, side-vented, or of any other type normally found on a blouse or shirt, including blouson or drawstring waists or an elastic bottom." Pl.'s Br. at 6–7 (quoting the Guidelines, at 12–13). The mere mentioning of "waist" in these Guidelines passages, however, does not lead to the conclusion that T-shirts and tank tops must all extend to the waist. And Plaintiff cites no Guidelines language suggesting that the third exemplar under Heading 6109—singlets—should reach the waist.

Plaintiff also claims that T-shirts, singlets and tank tops must extend to the waist because they are all "shirts" and a "shirt" is "[a] garment for the upper part of the body * * * usu[ally] having * * * a tail long enough to be tucked inside trousers or a skirt." Pl.'s Br. at 8 (quoting definition of shirt in *Merriam-Webster's Collegiate Dictionary* 1082 (10th ed. 1993)). Plaintiff provides no authority for the proposition that T-shirts, singlets and tank tops are all shirts. According to the dictionary definitions cited by Plaintiff, "T-shirt" and "singlet" are both "undershirts." *Id.* ("T-shirt" is "[a] collarless short-sleeved or sleeveless usu. cotton *undershirt;* also, an outershirt of similar design." *Id.* at 1270. "Singlet" is "[a]n athletic jersey; *undershirt." Id.* at 1095) (emphasis added). Undershirts, however, are not necessarily shirts and need not possess all of the characteristics of a shirt. *See Mast Indus., Inc. v. United States,* 9 CIT 549, 553 (1985), *aff'd,* 4 Fed. Cir. (T) 79, 786 F.2d 1144 (1986) (The court found "no decision which interprets the common and commercial meaning of 'shirt' under the tariff schedules to include all forms of shirts. To the contrary, [it was] held that an 'undershirt' was not a 'shirt' within paragraph 919 of the Tariff Act of 1930.") (citing *Yamatoya Co. v. United States,* Abs. 31687, 68 Treas. Dec. 982 (1935) ("'shirt' understood to mean an 'outer garment * * * as distinguished from an undershirt, nightshirt, etc.'")). Accordingly, the court does not find reaching the waist is an essential characteristic of the Heading 6109 exemplars.

In addition, Plaintiff's argument that all Heading 6109 garments must be appropriate for outerwear is without merit. Plaintiff's argument overlooks the provision of Subheading 6109.10.00, HTSUS, which divides women's or girls' garments into two categories: "Underwear" (6109.10.0037) and "Other," with a further division of the latter into "T-shirts" (6109.10.0040 and 0045), "tank tops" (6109.10.0060 and 0065) and "other" (6109.10.0070). While T-shirts and tank tops may be suitable as outerwear, the court sees no reason why garments classified under the category specifically designated by the statute as "Underwear" must be suitable as outerwear.

Plaintiff further contends that the Explanatory Note to Heading 6109 expressly excludes the merchandise from that heading. The Explana-

---

[1] The Guidelines function as an interpretative aid to Customs employees in classifying merchandise. Though helpful as an aid, the Guidelines are not legally binding. *See* United States Customs Service, Headquarters Ruling Letter 954827 (Dec. 8, 1993), *available in,* LEXIS, Itrade Library, Allcus File.

tory Note provides that T-shirts are "of the vest type" and are "never made with a ribbed waistband, drawstring or other means of tightening." 2 Customs Cooperation Council, *Explanatory Notes to the Harmonized Commodity Description and Codina System* 839 (1st ed. 1986).[2] Plaintiff claims that since the merchandise has a ribbed bottom, it is excluded from Heading 6109. Plaintiff ignores, however, that the exclusionary language of the Explanatory Note applies to T-shirts only. The Explanatory Notes do not indicate that the other two exemplars under Heading 6109—singlets and tank tops—should be subject to the same restriction. Thus, it cannot be concluded that the Explanatory Notes exclude all garments with a means of tightening from Heading 6109.

D. *Whether the Merchandise is Classifiable Under Heading 6108:*

Plaintiff claims that the merchandise is properly classifiable under Heading 6108, HTSUS, which applies to "women's or girls' slips, petticoats, briefs, panties, nightdresses, pajamas, negligees, bathrobes, dressing gowns and similar articles." According to Plaintiff, the exemplars are united by the fact that they are women's or girls' underwear garments. Plaintiff argues that underwear tops are similar to slips in that they are both underwear covering the upper body.

Plaintiff's argument is not persuasive. As previously discussed, women's and girls' underwear is also provided for under Heading 6109. Plaintiff does not explain why underwear tops are more similar to slips than to singlets, an exemplar under Heading 6109. According to the Explanatory Notes, Heading 6109 applies to "T-shirts, singlets and other vests." *Explanatory Notes,* at 839. It appears that underwear tops are similar to T-shirts, singlets and other vests in that they are all undershirts. *See Merriam-Webster's Collegiate Dictionary, supra* (definitions of "T-shirt" and "singlet"); and *Webster's Third New International Dictionary* 2547 (1986) (defining "vest" as "a knitted sleeved or sleeveless undershirt for women or sometimes children"). An "undershirt" is "a collarless undergarment with or without sleeves." *Id.* at 2490. Underwear tops are collarless undergarments without sleeves. Plaintiff has offered no persuasive reasoning why the merchandise cannot be considered as an undershirt and, as such, be properly classified under Heading 6109.

E. *Whether the Merchandise is Classifiable Under Headings 6212:*

Plaintiff argues, in the alternative, that the merchandise is properly classifiable under Heading 6212, HTSUS, as "brassieres, girdles, corsets, braces, suspenders, garters and similar articles." The Explanatory Note to Heading 6212 provides: "This heading covers articles of a kind designed for wear as body-*supporting* garments or as *supports* for certain other articles of apparel, and parts thereof." *Explanatory Notes,* at

---

[2] The Explanatory Notes constitute the official interpretation of the Harmonized System by the Customs Cooperation Council, the international organization responsible for the Harmonized System. Although not legally binding on the United States, they are generally indicative of the proper interpretation of the provisions of HTSUS. *Lynteq, Inc. v. United States,* ___ Fed. Cir. (T) ___, ___, 976 F.2d 693, 699 (1992) (citing H.R. Conf. Rep. No. 100–576, 100th Cong., 2d Sess. 549 (1988), reprinted in 1988 U.S.C.C.A.N. 1547, 1582).

857 (emphasis added). Each of the exemplars under Heading 6212 provides support to the body or to certain other articles of apparel: brassieres support the breasts; girdles and corsets support the stomach; and braces, suspenders, and garters support articles of apparel *(e.g.,* skirts, pants, and stockings). Thus, the essential characteristic of Heading 6212 articles is that they are garments that provide support.

Plaintiff admits the merchandise does not provide support to the breasts or to any other body part or article of apparel. Plaintiff argues, however, that brassiere-like and girdle-like articles that provide little or no support are not excluded from Heading 6212. Plaintiff provides no authority for this proposition. Consistent with the Explanatory Notes, garments that provide little support would be properly classifiable under Heading 6212, whereas garments that provide no support at all would be classified elsewhere. Since the merchandise does not provide any support, the court finds it is not properly classifiable under Heading 6212.

## CONCLUSION

For reasons stated above, the court finds that Plaintiff has not met its burden to overcome the presumption of correctness of Customs' classification. Accordingly, Plaintiff's motion for summary judgment is denied. The court grants Defendant's motion for summary judgment and affirms Customs' classification of the merchandise.