**W.Y. MOBERLY, INC.,**
**Plaintiff-Appellant,**

v.

**UNITED STATES, Defendant-Appellee.**

**No. 87–1004.**

United States Court of Appeals,
Federal Circuit.

July 29, 1987.

Joseph S. Kaplan, Ross & Hardies, New York City, argued, for plaintiff-appellant. With him on the brief, were John B. Pelligrini and Bret E. Suval.

John J. Mahon, Commercial Litigation Branch, Dept. of Justice, New York City, argued, for defendant-appellee. With him on the brief, were Richard K. Willard, Asst. Atty. Gen., David M. Cohen, Director and Joseph I. Liebman, Atty. in Charge Intern. Trade Field Office.

Before BISSELL, Circuit Judge, BALDWIN, Senior Circuit Judge, and ARCHER, Circuit Judge.

BISSELL, Circuit Judge.

W.Y. Moberly, Inc. (Moberly) appeals from the judgment of the United States Court of International Trade, 645 F.Supp. 282 (Ct. Int'l Trade 1986), *reh'g denied*, slip op. 86–76 (July 30, 1986), dismissing Moberly's action challenging the United States

Customs Service's (Customs) classification of disassembled components of oil drilling rigs. We vacate and remand.

## BACKGROUND

The oil drilling rigs, of which the imported components are parts, are transportable rigs. The rigs are composed of sections including the mast, substructure, floor assembly, and engine stand. The components at issue are dedicated to use as parts of a specific rig and have no other use. Assembly of a complete rig requires other components in addition to the ones imported.

The Tariff Schedules of the United States (TSUS), contain three classifications into which the imported components might arguably fall. Item 664.05 describes, among other things, "boring and extracting machinery ... and parts thereof." The parties agree that the completed drilling rigs are boring machines and that the components are parts of the rigs. The superior heading to Item 652.98 describes metal products such as: "towers, lattice masts, ... frameworks, ... other structures and parts of structures." The parties agree that, when assembled together, the imported articles are structural components of drilling rigs. The subheading to Item 652.-94 describes "columns, pillars, posts, beams, girders, and similar structural units."

Customs classified the components under Item 652.98 as parts of structures. At trial, Moberly contended that the components were more properly classified under Item 664.05 as parts of boring machinery. In the alternative, Moberly argued that classification under Item 652.94, as columns, girders, etc., was preferable to classification under Item 652.98.

The trial court relied on General Interpretative Rule 10(ij), TSUS *, as the basis for its conclusion that the components were parts of structures properly classified under Item 652.98. Rule 10(ij) has been interpreted, under similar circumstances, to require classification of such components as part of a part (part of a structure) rather than as part of a whole article (part of a boring machine). *J. Ray McDermott & Co. v. United States*, 354 F.Supp. 280, 69 Cust. Ct. 197, 208 (1972). The trial court also rejected Moberly's argument that the components should be classified as columns under Item 652.94. This Item has been interpreted as requiring that the merchandise be of unitary construction. *Frost Railway Supply Co. v. United States*, 39 CCPA 90, 95 (1951). The trial court understood unitary construction to require that the article consist of no more than one piece of metal. The trial court's finding that the components were not of unitary construction was apparently based in part on Moberly's failure to cite record testimony in its proposed findings of fact or post-trial brief that would indicate what, if any, of the components were of unitary construction.

## OPINION

We vacate and remand this case to the trial court to consider a narrow issue. In its Memorandum Opinion and Order, the trial court cited *Frost Railway Supply Co. v. United States*, 39 CCPA at 95, for the proposition that: "Merchandise is not of 'unitary construction' if it 'consist[s] of more than one piece of metal.'" The trial court went on to find that "the merchandise in this action is not of unitary construction, but consists of various pieces joined by means of lugs, pins or welding...." 645 F.Supp. at 288. The trial court has defined "unitary construction" too narrowly.

In *Frost*, the Court of Customs and Patent Appeals reviewed a judgment of the United States Customs Court overruling the protest of an importer who claimed that the imported merchandise should have been classified under paragraph 312 of the Tariff Act of 1930, 46 Stat. 590. Paragraph 312 provided in relevant part: "Beams,

---

* General Interpretative Rule 10(ij), provides that "a provision for 'parts' of an article covers a product solely or chiefly used as a part of such article, but does not prevail over a specific provision for such part."

girders, joists, angles, ... columns and posts, ... any of the foregoing machined, drilled, punched, assembled, fitted, fabricated for use, or otherwise advanced beyond hammering, rolling, or casting...." The word "assembled" implies the joining of at least two pieces and negates any inference that articles described by paragraph 312 could not consist of more than one piece of metal. This conclusion is reinforced by the court's quotation of a dictionary definition of "structural shape": " 'any steel or iron member of such shape, as channel irons, I-beams, T-beams, etc., or, sometimes, a column, girder, etc., built up with such members.' " *Frost*, 39 CCPA at 95. A built-up column or girder necessarily comprises more than one piece of metal. Consequently, when the court wrote: "The snubbers involved in the instant case are not of unitary construction, i.e., they consist of more than one piece of metal, all of which pieces are coiled and arranged in concentric form as set forth hereinbefore," *id.*, it did not mean that no article consisting of more than one piece of metal is of unitary construction, but rather that the pieces of the item in question were not so arranged as to form an article of unitary construction. When read in context, the case does not support the conclusion that an article formed of multiple pieces of metal cannot be of unitary construction.

■ This interpretation is consistent with decisions of the Court of International Trade and its predecessor. *E.g., Alyeska Pipeline Serv. Co. v. United States*, 643 F.Supp. 1128, 1131 (Ct. Int'l Trade 1986) (quoting definition of "beam" as "made in a single piece of [sic] built up typically of plates, flitches, lattice-work, or bars"); *J. Ray McDermott & Co., Inc. v. United States*, 354 F.Supp 280, 69 Cust. Ct. 197 (1972) ("box girder" fabricated of multiple pieces of metal within TSUS 652.94 provision for girders); *see Nissho-Iwai American Corp. v. United States*, 641 F.Supp. 808, 811 (Ct. Int'l Trade 1986) (quoting definition of column as a " 'rigid, relatively slender, upright support, composed of relatively few pieces' "). We conclude that the fact that an article is composed of multiple pieces of metal does not, in itself, preclude a finding that it is of unitary construction. A finding that an article is of unitary construction is not, however, a sufficient condition for the article to fall within the definition of a column or girder. As pointed out in the cases previously cited, the article must also provide vertical or horizontal support to a structure. *See, e.g., Nissho-Iwai American Corp. v. United States*, 641 F.Supp. at 811.

■ We agree that the articles should not be classified under Item 664.05, but remand to the trial court to consider whether, in light of this opinion, the imported components are of unitary construction, and, if so, whether they should be classified under Item 652.94 rather than Item 652.98.

VACATED AND REMANDED.