**W.Y. MOBERLY, INC.,**
**Plaintiff–Appellant,**

v.

**The UNITED STATES,**
**Defendant–Appellee.**

**No. 90–1102.**

United States Court of Appeals,
Federal Circuit.

Jan. 16, 1991.

Joseph S. Kaplan, Ross & Hardies, New York City, argued, for plaintiff-appellant. With him on the brief was Michelle F. Forte, of counsel.

John J. Mahon, Commercial Litigation Branch, Dept. of Justice, New York City, argued, for defendant-appellee. With him on the brief were Stuart M. Gerson, Asst. Atty. Gen., David M. Cohen, Director, and Joseph I. Liebman, Atty. in Charge, Intern. Trade Field Office.

Before ARCHER, Circuit Judge, and SKELTON and FRIEDMAN, Senior Circuit Judges.

ARCHER, Circuit Judge.

W.Y. Moberly, Inc. (Moberly) appeals from the judgment of the United States Court of International Trade in *W.Y. Moberly, Inc. v. United States*, 727 F.Supp. 1456 (Ct.Int'l Trade 1989). The trial court held that sixteen designated structural components of three oil drilling rigs were properly classified by the United States Customs Service under Item 652.98, Tariff Schedules of the United States (TSUS).[1] We affirm.

---

**1.** The TSUS, which was in effect at the time the classification at issue here was made, was later

## I

Moberly contends that the structural components of the oil drilling rigs in question were improperly classified as "parts of other structures" under Item 652.98, TSUS, and instead should be classified as "columns, pillars, posts, beams, girders and similar structural units" under Item 652.94, TSUS.[2]

This matter is now before this court for the second time. In its original decision and judgment in *W.Y. Moberly, Inc. v. United States*, 645 F.Supp. 282 (Ct.Int'l Trade 1986), the trial court held that these components could not be classified under Item 652.94, TSUS, because under the interpretation given Item 652.94 in *Frost Ry.*

*Supply Co. v. United States*, 39 CCPA 90, 95 (1951), the components were not of unitary construction. On appeal in *W.Y. Moberly, Inc. v. United States*, 825 F.2d 391 (1987), this court held that the trial court had defined the "unitary construction" requirement too narrowly. We remanded "to the trial court to consider whether, in light of [our] opinion, the imported components are of unitary construction, and, if so, whether they should be classified under Item 652.94 rather than Item 652.98."

During the proceedings on remand, the government conceded that four components originally at issue should be classified under Item 652.94, TSUS, as claimed by Moberly.[3] Moberly abandoned its claims as to twenty-two other components.[4]

---

replaced by the Harmonized Tariff Schedule of 1988, Pub.L. No. 100–418, 102 Stat. 1148 (codified at 19 U.S.C. § 1202 (1988)).

**2.** The pertinent tariff provision reads as follows:

SCHEDULE 6.—METALS AND METAL PRODUCTS
Part 3.—Metal Products

Hangars and other buildings, bridges, bridge sections, lock-gates, towers, lattice masts, roofs, roofing frameworks, door and window frames, shutters, balustrades, columns, pillars, and posts, and other structures and parts of structures, all the foregoing of base metal:
  Of iron or steel:
          \* \* \* \* \*
    Columns, pillars, posts, beams, girders, and similar structural units:
      Not in part of alloy iron or steel:
        . . . .

| | | | |
|---|---|---|---|
| 652.94 | Other: .............. | Lb.... | 3.5% ad val. |
| | . . . . | | |
| 652.98 | Other: ........................... | Lb.... | 9.5% ad val. |

**3.** These components are: Rotary Beam, Front A–Leg Supports, Two Only Engine Stand Diagonals, and Catworks Diagonal Spreader.

**4.** These components are:

1) 25′ Level Stairway
2) Catworks Flooring
3) 5′ Level Rear Flooring
4) Wireline and Shackles
5) Pieces of Handrailing
6) Driller's Side Catwork Side Flooring
7) Assorted Brackets Support Flooring
8) 5′ Level Driller's Flooring
9) Deadline Breakover Sheave
10) Engine Stand Stairway
11) Pipe Ramp Stairway
12) Doghouse Stairway
13) Fastline Breakover Sheave
14) Deadline Re–Direction Sheave
15) 4 Pieces of Wide–Flange Beam with Lugs and Pins
16) Rear Catworks Skid Floor
17) Off Driller's Side Stairway

Further, the trial court found, and Moberly does not contest, that the pipe ramp and the stand pipe clamp cannot be classified under Item 652.94, TSUS, because they do not provide support to a structure. As to the remaining sixteen components,[5] now the subject of appeal, the trial court found them to be of unitary construction but not covered by Item 652.94, TSUS, because "all of these components are more than or other than columns, pillars, posts, beams, girders, or similar structural units."

II

■■■ A. The meaning of a tariff term is a question of law. *Brookside Veneers, Ltd. v. United States*, 847 F.2d 786, 788, *cert. denied*, 488 U.S. 943, 109 S.Ct. 369, 102 L.Ed.2d 358 (1988). Because there is no clearly stated congressional intent as to the meaning of the tariff terms at issue in this case, *see id.*, they may be construed according to their common meanings. *See Rohm & Haas Co. v. United States*, 727 F.2d 1095, 1097 (1984). "To assist it in ascertaining the common meaning of a tariff term, the court may rely upon its own understanding of the terms used, and it may consult lexicographic and scientific authorities, dictionaries, and other reliable information sources." *Brookside Veneers*, 847 F.2d at 789.

The trial court engaged in just such an analysis with regard to the meanings of the terms in question. It reviewed prior case law in which the same provisions of the TSUS were at issue, the lexicographic sources relied on in those cases, as well as a dictionary of engineering terms, and the testimony and exhibits presented at trial. It concluded:

    18) Bottom Section Ladder
    19) 5' Level Stairway
    20) Front Engine Level Flooring
    21) Wire Line, Slings, and Turnbuckles with Pins and Safety Pins
    22) Assorted Hollow Secure Tubing

**5.** These components are:
    1) Driller's Side Flooring Supports
    2) Driller's Side Flooring
    3) Setback Floor
    4) 30' Level Rotary Floor Sections
    5) Set–Back Supports

According to the lexicographic definitions, expert testimony, and case law, columns, pillars, and posts are upright structural members that vertically support a compressive weight along a single axis. *Nissho–Iwai [American Corp. v. U.S.]*, 10 CIT [154] at 158, 641 F.Supp. [808] at 811 [1986]; *J. Ray McDermott [& Co. v. U.S.]*, 69 Cust.Ct. [197] at 207 [, C.D. 4394 (1972)]. Beams and girders are also structural members which are supported at two ends, provide horizontal support from a direction perpendicular to their lengths, and resist bending. *Nissho–Iwai*, 10 CIT at 158, 641 F.Supp. at 811; *J. Ray McDermott*, 69 Cust.Ct. at 208. Girders are distinguished from beams in that a girder is larger and is a main structural member. All these terms connote components that are relatively slender in proportion to their length or height. *Nissho–Iwai*, 10 CIT at 158, 641 F.Supp. at 811. Columns, pillars, posts, beams, and girders must also be of unitary construction and be used to provide horizontal or vertical support to a structure. *W.Y. Moberly, Inc. v. United States*, 825 F.2d 391, 393 (Fed. Cir.1987); *Nissho–Iwai*, 10 CIT at 157, 641 F.Supp. at 810; *J. Ray McDermott & Co.*, 69 Cust.Ct. at 207; *Laurence Myers Scaffolding Co. v. United States*, 57 Cust.Ct. 333, 340, C.D. 2809, 259 F.Supp. 874, 879 (1966).

727 F.Supp. at 1459.

■■■ Moberly argues that the court erred in adopting a definition of the tariff terms at issue that does not encompass trusses and frames. As support for its broad definition, Moberly urges the definition of "girder" in Webster's *Third New International Dictionary*, unabridged, 959 (1986),

    6) Rear Raising Frames
    7) Mast Bottom Sections
    8) Engine Stands
    9) Front Sub–Box
    10) Doghouse Supports
    11) Front Sub–Box Diagonal Spreaders
    12) Forward, Middle, and Rear Engine Stand Spreaders
    13) Catworks Support Spreader
    14) Front Sub–Structure Spreader
    15) Mast Bottom Section Spreader
    16) Set–Back Horizontal Spreaders

wherein the term "truss" is referenced, and the definitions of "truss" and "frame." A truss is described as "an assemblage of members (as beams …) typically arranged in a triangle or a series of triangles to form a rigid framework (as for supporting a load over a wide area)," p. 2456, and a frame as "the arrangement of supporting girders, beams, columns … forming the main support," p. 902. Moberly concludes that because both a truss and a frame provide support, they should be treated as synonymous with a girder.

The government correctly points out that the above definition of girder in Webster's does not refer to truss as a synonym, but with the reference "compare." Thus, a truss is not just another form of girder as Moberly asserts. The definitions of truss and frame relied on by Moberly also refer to them as an "assemblage" or an "arrangement" of girders, beams, etc. The government contends that this is consistent with the testimony of its witness, Dr. Ratay, and supports the findings of the trial court that trusses and frames are more, or other, than the exemplars set forth in Item 652.94, TSUS.

The trial court expressly rejected the proposition that the function of providing support is enough to classify an article under Item 652.94, TSUS. Even though supporting a structure, the court held that Item 652.94, TSUS, does not encompass articles having features or functions that make them other than, or more than, the *eo nomine* exemplars.

All merchandise meeting the bare requirements of unitary construction and providing horizontal or vertical support to a structure is not necessarily classifiable under item 652.94, TSUS. Notwithstanding unitary construction and provision of support to a structure, a component will not be classifiable as a column, pillar, post, beam, girder, or similar

structural unit under item 652.94, TSUS, if the component is identified as "other than" the *eo nomine* exemplars or if its features or functions make it "more than" those exemplars. *See Phone–Mate, Inc. v. United States*, 12 CIT ——, 690 F.Supp. 1048, 1053 (1988), *aff'd*, 867 F.2d 1404 (Fed.Cir.1989); *Eastalco Aluminum Co. v. United States*, 10 CIT 622, 623 (1986); *Robert Bosch Corp. v. United States*, 63 Cust.Ct. 96, 103, C.D. 3881 (1969).

727 F.Supp. at 1459–60.

*Moberly* further contends that in reaching its decision the trial court failed to discuss and analyze *Alyeska Pipeline Serv. Co. v. United States*, 643 F.Supp. 1128 (Ct.Int'l Trade 1986), *vacated as moot* (May 19, 1988),[6] and *J. Ray McDermott & Co., Inc. v. United States*, 354 F.Supp. 280 (Cust.Ct.1972). Moberly recognizes that the judgment in *Alyeska* has little precedential effect because it was vacated for mootness, but contends that it may still be "helpful authority." We disagree, but, even if considered helpful, the fabricated components in this case and *Alyeska* bear no resemblance. No error can be attributed to the court's failure to discuss that case.

The decision in *J. Ray McDermott*[7] was not disregarded or overlooked, the trial court having cited it but apparently not considering it to be dispositive. Moberly does not contend that any of its components were comparable to the "box girder" of *J. Ray McDermott*, except for complexity of form. The trial court, however, did not indicate that under its interpretation of Item 652.94 complexity of form would be a preclusive characteristic.

We are convinced that the Court of International Trade correctly interpreted the tariff terms at issue and that Moberly has not shown error.

---

**6.** Following the published opinion, the parties settled; thereafter, by an unpublished order dated May 19, 1988, the court vacated the published opinion and a related order.

**7.** The Customs Service has questioned this decision, and treated it as having limited prece-

dential value, because in its view the controverted "box girder tank section is more than a type of girder in that it performs more than a load bearing function." T.D. 74–35, 8 Cust.Bul. 67 (1974).

B. Whether a particular article fits within the meaning of a tariff term is a question of fact. *Brookside Veneers,* 847 F.2d at 788. Moreover, a classification by the United States Customs Service carries a presumption of correctness, *see* 28 U.S.C. § 2639(a)(1), and the burden of proving otherwise rests with the party challenging the classification. *Brookside Veneers,* 847 F.2d at 787. We review the trial court's findings of fact under a clearly erroneous standard. *Daw Indus., Inc. v. United States,* 714 F.2d 1140, 1142 (1983).

The trial court, in sustaining the classification of the components in question by the United States Customs Service, stated:

> The mere fact that a component supports a structure is insufficient for classification under item 652.94, TSUS, if the component is other than or more than the *eo nomine* exemplars under that provision. The Court notes that no witness at the first trial called these components columns, pillars, posts, beams, or girders, and there is ample evidence that they are not known as such in the industry.

> Based on the testimony of the government's witness and examination of the blueprints and other exhibits introduced at trial, the Court finds that all of these components are more than or other than columns, pillars, posts, beams, girders, or similar structural units. Most are frames or trusses.

727 F.Supp. at 1462.

Moberly maintains, however, that the trial court did not delineate how or why the components at issue were more than, or other than, the exemplars of Item 652.94. But, in this regard, the court did recite how a number of the components were configured, constructed and used. Even though the court's factual findings are not as specific as Moberly desires, we have been directed to no evidence to show that the court's findings are clearly erroneous or to demonstrate that Moberly overcame the presumptive correctness of the classification by the Customs Service.

It is apparent from the court's opinion that it reviewed all of the pertinent evidence in reaching its decision. It considered the testimony of the government's witness and examined the blueprints and other exhibits. It reviewed the testimony at the first trial, noting that no witness had called the disputed components columns, pillars, posts, beams or girders and that there was ample evidence that they are not known as such in the industry. Based on full consideration of the record, the court found that "[m]ost [of the components] are frames and trusses" and that "all of these components are more than or other than columns, pillars, posts, beams, girders, or similar structural units." We cannot say the court clearly erred.

Accordingly, we affirm the judgment of the Court of International Trade.

AFFIRMED.