896 F. supp. 1279

ABB POWER TRANSMISSION, PLAINTIFF *v.* UNITED STATES, DEFENDANT

Court No. 91–12–00864

(Dated August 4, 1995)

*Sonnenberg, Anderson & Rodriguez (Philip Yale Simons* and *Jerry P. Wiskin)* for plaintiff.
*Frank W. Hunger,* Assistant Attorney General; *Joseph I. Liebman,* Attorney in Charge, International Trade Field Office, Commercial Litigation Branch, Civil Division, United States Department of Justice *(Edith Sanchez Shea);* of counsel: *Laura R. Siegel,* Office of Assistant Chief Counsel, International Trade Litigation, United States Customs Service, for defendant.

## OPINION

TSOUCALAS, *Judge:* This matter comes before the Court on plaintiff's motion for summary judgment and defendant's cross-motion for summary judgment. Plaintiff, ABB Power Transmission ("ABB"), challenges the decision of the United States Customs Service ("Customs") to classify ABB's thyristor modules under subheading 8504.90.00 of the Harmonized Tariff Schedule of the United States ("HTSUS"), as parts of electrical transformers, static converters (for example, rectifiers) and inductors, dutiable at a rate of 3% *ad valorem.* In moving for summary judgment, plaintiff asserts that the merchandise is properly classifiable under HTSUS subheading 8541.30.00, as diodes, transistors and other semiconductor devices * * * thyristors, duty free. Alternatively, ABB claims the imports are classifiable under HTSUS subheading 8541.50.00, as other semiconductor devices, dutiable at a rate of 1% *ad valorem.* The court exercises its jurisdiction pursuant to 28 U.S.C. § 1581(a) (1988).

## BACKGROUND

The merchandise involved in this case consists of thyristor modules which were used in high voltage direct current ("HVDC") conversion stations which plaintiff constructed as part of the so-called New England-Hydro Quebec project. *Brief in Support of Plaintiff's Motion for Summary Judgment ("Plaintiff's Brief")* at 1; *Memorandum in Support of Defendant's Cross-Motion for Summary Judgment and in Response to Plaintiff's Motion for Summary Judgment ("Defendant's Brief")* at 1.

Each thyristor module consists of six thyristor elements connected in a series, heatsinks, voltage divider circuits and electronic "firing" cir-

cuitry. The components are mounted on a frame of epoxy resin and aluminum. *Plaintiff's Statement of Material Facts,* ¶ 11; *Defendant's Response,* ¶ 11. The six thyristors are separated by the heatsinks and are joined end to end to form a column in the center of the module. *Plaintiff's Exhibit A,* Headquarters Ruling Letter HQ 085027. The module itself is 1200 mm long by 900 mm wide. *Id.* The modules are designed to allow the flow of electrical current in one direction and therefore have rectifying capabilities. *Id.* After importation, the thyristor modules at issue were used in HVDC conversion stations to invert direct ("DC") current electricity to alternating ("AC") electricity or to rectify AC to DC current. *Plaintiff's Statement of Material Facts,* ¶ 12; *Defendant's Response,* ¶ 12. In its condition as imported, a thyristor module cannot rectify or invert current. *Plaintiff's Statement of Material Facts,* ¶ 14; *Defendant's Response,* ¶ 14.

On January 31, 1990, Customs issued Headquarters Ruling Letter HQ 085027 which classified ABB's thyristor modules as "static converters" under HTSUS subheading 8504.40.00. *Plaintiff's Exhibit A.* After ABB's request for reconsideration, Customs issued Headquarters Ruling Letter HQ 086518 on November 9, 1990 which modified HQ 085027 and determined that the subject merchandise were classifiable as "parts of static converters" under HTSUS subheading 8504.90.00. *Plaintiff's Exhibit B.* Because the determination of whether a particular article fits within the meaning of a tariff term is one of fact, this Court may consider plaintiff's claim that thyristor modules are classifiable as thyristors or semiconductor devices and, if appropriate, reject Customs' classification. *See Hasbro Indus., Inc. v. United States,* 879 F.2d 838, 840 (Fed. Cir. 1989).

Customs classified the merchandise at issue pursuant to the following HTSUS heading:

| | |
|---|---|
| 8504 | Electrical transformers, static converters (for example, rectifiers) and inductors; parts thereof: |
| 8504.90.00 | Parts ............................... 3% |

Plaintiff contends that Customs' classification is incorrect and believes the merchandise should be classified under the following HTSUS heading:

| | |
|---|---|
| 8541 | Diodes, transistors and similar semiconductor devices * * *: |
| 8541.30.00 | Thyristors, diacs and triacs, other than photosensitive devices .................... Free |
| 8541.50.00 | Other semiconductor devices ........... 1% |

DISCUSSION

ABB moves pursuant to Rule 56 of the Rules of this Court for summary judgment on the grounds that all facts that may be material to the dispositive issues raised in this action are answered in the record and that ABB is entitled to judgment in its favor on those facts and the appli-

cable law.[1] Defendant cross-moves for summary judgment pursuant to Rule 56 of the Rules of this Court on the grounds that there are no material issues of fact to be tried and that defendant is entitled to summary judgment as a matter of law.

On a motion for summary judgment, it is the function of the court to determine whether there remain any genuine issues of fact. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242 (1986). Once the court determines that no genuine issue of material fact exits, summary judgment is properly granted when the movant is entitled to judgment as a matter of law. USCIT Rule 56(d); *see Mingus Constructors, Inc. v. United States,* 812 F.2d 1387 (Fed. Cir. 1987).

Defendant claims that a dispute exists as to the common meaning of the involved terms and that, therefore, summary judgment is inappropriate. *Defendant's Brief* at 4. However, the common meaning of a tariff term is a question of law, *Childcraft Education Corp. v. United States,* 742 F.2d 1413, 1414 (Fed. Cir. 1984), and therefore subject to *de novo* review. Upon review, the Court finds that there are no genuine issues of material fact, the dispositive issues to be resolved are legal in nature and, therefore, summary judgment is proper.

The Court notes that, pursuant to 28 U.S.C. § 2639(a)(1) (1988), tariff classifications made by Customs are presumed correct and the burden of proof is upon the party challenging the classification to prove that Customs' classification is incorrect. *See, e.g., Nippon Kogaku (USA), Inc. v. United States,* 69 CCPA 89, 92, 673 F.2d 380, 382 (1982). To determine whether the party challenging Customs' classification has overcome the statutory presumption of correctness, this Court must consider whether "the government's classification is correct, both independently and in comparison with the importer's alternative." *Jarvis Clark Co. v. United States,* 733 F.2d 873, 878 (Fed. Cir. 1984).

The meaning of a tariff term is a question of law to be decided by the court. *Hasbro,* 879 F.2d at 840. When a tariff term is not clearly defined in either the HTSUS or its legislative history, the correct meaning of the term is generally resolved by ascertaining its common and commercial meaning. *W.Y. Moberly, Inc. v. United States,* 924 F.2d 232, 235 (Fed. Cir. 1991). In order to determine the common meaning of a tariff term, the court may rely on its own understanding of the term, as well as consult dictionaries, lexicons and scientific authorities. *Brookside Veneers, Ltd. v. United States,* 847 F.2d 786, 788 (Fed. Cir.), *cert. denied,* 488 U.S. 943 (1988).

In its motion, ABB first argues that merchandise which is classifiable under HTSUS heading 8541 is excluded from classification under 8504. ABB contends that the imported thyristor modules are "functional units" classifiable as thyristors under subheading 8541.30.00. Plaintiff

---

[1] Rule 56(a) states: "A party seeking to recover upon a claim, counterclaim or cross-claim, or to obtain a declaratory judgment, may, at any time after the expiration of the initial time within which to file an answer or after service of a motion for summary judgment by the adverse party, move with or without supporting affidavits for a summary judgment in the party's favor upon all or any part thereof." USCIT Rule 56(a)(1988).

asserts that thyristor modules act as a gate for the flow of electric current, and the thyristor module and a single thyristor serve the same function. Accordingly, ABB contends, the thyristor modules are not parts of static converters under HTSUS subheading 8504. Plaintiff also argues that, as the thyristor modules satisfy the statutory definition for composite machines found in Explanatory Section Note 3 to Chapter 85, the thyristor modules are classifiable as composite machines under HTSUS subheading 8541.30.00. *Plaintiff's Brief* at 5–6.

Alternatively, ABB argues that, as a thyristor module is a semiconductor device and the term "semiconductor device" is to be broadly construed, the imported thyristor modules are classifiable as "other semiconductor devices" under HTSUS subheading 8541.50.00. Plaintiff asserts that semiconductor devices may contain subordinate components, and Customs administrative decisions support classification of the imported thyristor modules as other semiconductor devices. Further, ABB contends that classification of the thyristor modules under heading 8541 is consistent with Customs guidelines for classification under the HTSUS. Finally, plaintiff states that the United States' European trading partners classify multiple semiconductor components of static converters under heading 8541, and the U.S. interpretation of the HTSUS should be consistent with that of its trading partners. *Plaintiff's Brief* at 6.

Defendant argues that its classification of the merchandise under HTSUS subheading 8504.90.00 as a part of a static converter is correct. Defendant asserts that thyristor modules function differently from thyristors and semiconductor devices and that its classification is consistent with the language of the applicable subheading and Chapter Notes. Further, defendant states that no weight should be given to the European Community's Explanatory Notes. *Defendant's Brief* at 2–3.

*Classification Under HTSUS Subheading 8504.90.00:*

Customs liquidated the subject merchandise under HTSUS subheading 8504.90.00 which provides for parts of static converters. Defendant argues that the merchandise is classifiable as part of a static converter because it consists of several essential parts which work together to serve as part of a conversion station. *Defendant's Brief* at 7. Static converters are "used to convert electrical energy in order to adapt it for further use * * *. Their operation is based on the principle that the converting elements act alternatively as conductors and non-conductors." *HTSUS Explanatory Notes, Section XVI, 85.04, p.1338.* Defendant argues that it is undisputed that the involved thyristor modules are used as part of the HVDC conversion station, and that this station meets the definition of a static converter. *Defendant's Brief* at 24.

Plaintiff does not directly dispute the government's contention that thyristor modules are part of a static converter. Rather, ABB asserts that the imported merchandise is more appropriately classified under HTSUS heading 8541. Note 2 to Chapter 85 states that heading 8504

does not apply to goods described in heading 8541. Further, ABB points out that Note 5 to Chapter 85 provides that devices covered by heading 8541 "shall take precedence over any other heading in the tariff schedule which might cover them by reference to, in particular, their function." Thus, plaintiff argues, semiconductor devices used in static converters are covered by the applicable provision for that semiconductor, and not as part of a static converter. Finally, ABB contends, if thyristor modules are a semiconductor device, HTSUS Chapter 85 Notes 2 and 5 preclude them from classification under heading 8504. *Plaintiff's Brief* at 19–21.

While defendant disputes whether thyristor modules are classifiable as semiconductor devices, it agrees with ABB that "pursuant to HTSUS, Section XVI, Chapter 85, Note 2, merchandise classifiable under heading 8541, HTSUS is not classifiable under heading 8504, HTSUS." *Defendant's Brief* at 8. Defendant disagrees with plaintiff's interpretation of Note 5 to Chapter 85, *Defendant's Brief* at 13, but that does not affect the central argument that goods classifiable under 8541 cannot be classified under 8504. Thus, the principal question for the Court to decide is whether the imported merchandise can be classified under HTSUS heading 8541.

*Classification Under HTSUS Subheading 8541.30.00:*

The HTSUS Explanatory Notes provide that

> [w]here a machine * * * consists of individual components * * * intended to contribute together to a clearly defined function covered by one of the headings in Chapter 84 or Chapter 85, then the whole falls to be classified in the heading appropriate to that function.

*HTSUS Explanatory Notes, Section XVI, Section Note 4.* Thus, if the thyristor module functions principally as a thyristor, then it is classifiable under subheading 8541.30.00.

The parties do not disagree on the actual function of a thyristor module. It is undisputed that its main function is to block current when it is turned off and to conduct current when it is turned on. *Defendant's Brief* at 11; *Plaintiff's Brief* at 22–27. The principal disagreement between the parties relates to whether the other components of the thyristor module, specifically the heatsinks, the voltage divider circuit and the electric firing circuits, make the module significantly different from a thyristor that the module cannot be classified as such. *See Defendant's Brief* at 11–13.

Defendant's expert states that

> [n]either thyristors nor semiconductor devices function in the same way as the thyristor module. Thyristors and semiconductor devices do not offer special firing control; cannot divide voltage within themselves; cannot monitor or protect themselves. On the other hand, the thyristor module has all of these capabilities.

*Cohen Affidavit* ¶ 20. "The thyristor modules involved are not semiconductor devices because they are not single integrated devices with no dis-

cernible parts." *Id.* ¶ 22. Defendant's expert witness states, for example, "[t]he firing circuitry * * * is as important as the thyristors within the module in allowing the module to serve its function within the high voltage conversion station." *Id.* ¶ 23.

Plaintiff argues that the thyristor module functions as a semiconductor gate. *Plaintiff's Brief* at 24. Its expert states that "thyristors in a module act in a manner which makes them functionally a single semiconductor element because they are fired simultaneously." *Long Affidavit* ¶ 19. Plaintiff's other expert concurs that

> the sole function of each thyristor module within a valve stack is to act as a "gate" and allow current to pass only in one direction. This is accomplished by the thyristors in all modules within each single valve being turned on, or fired, in unison.

*Farneborn Affidavit* ¶ 14.

The Court agrees with the plaintiff that the imported merchandise is classifiable as a similar semiconductor device, thyristor, under HTSUS subheading 8541.30.00. The Notes to Section XVI, Chapter 85 of the HTSUS state that the similar semiconductor devices referred to in the statute are those "whose operation depends on variations in resistivity on the application of an electric field" and include thyristors, "consisting of four conductivity regions in semiconducting materials * * * through which a direct current passes in a predetermined direction when a control pulse initiates conductivity." *HTSUS Explanatory Notes, Section XVI, 85.41, p.1397.* It is undisputed that thyristor modules are dependent on variations in resistivity in the application of an electric field. *Defendant's Brief* at 14.

Further, this Court agrees with the plaintiff that

> [w]hile the heatsinks, firing circuitry and voltage divider circuitry contribute to the function of the module as a thyristor, there is no question * * * that the principal and sole function of a thyristor module is imparted by the thyristors acting in unison by the variation of resistivity on the application of an electric field.

*Long Affidavit* ¶ 20.

While the Court agrees with the defendant that thyristor modules contain significant components in addition to thyristors, the function the module performs falls within the definition of a thyristor as a similar semiconductor device.

Defendant argues that the terms "thyristor" and "semiconductor device" do not define a function, but rather an individual electrical component. *Defendant's Brief* at 14.

*Webster's Third New International Dictionary* (1993) defines function as: "the activity appropriate to the nature or position of a thing." Thus, the "function" of a thyristor or semiconductor device refers to the activity they perform. The components of a thyristor module contribute to the clearly defined "activity" of a thyristor as a semiconductor device (allowing current to pass in one direction when a controlled pulse initiates con-

ductivity), *Long Affidavit* ¶ 17; *Cohen Affidavit* ¶ 14, and therefore are properly classifiable in the heading appropriate to that function, HTSUS subheading 8541.30.00.

As thyristor modules are properly classifiable under heading 8541, HTSUS, they are precluded from classification under heading 8504. *HTSUS Chapter 85, Section XVI, Note 2.*

*Classification Under HTSUS Subheading 8541.50.00, HTSUS:*

Alternatively, plaintiff has suggested that Customs should classify the merchandise as "other semiconductor devices" under HTSUS subheading 8541.50.00, with a duty rate of 1% *ad valorem.* ABB only advanced this classification, however, as an alternative to be applied in the event that the Court were to find that the subject merchandise is not classifiable as a thyristor. Because the Court has found that the subject merchandise is classifiable as a thyristor, this alternative classification does not warrant further discussion.

CONCLUSION

Upon review, this Court finds that plaintiff has overcome the presumption of correctness attached to Customs' classification of the subject merchandise under subheading 8504.90.00 of the HTSUS and has demonstrated that thyristor modules are properly classifiable under subheading 8541.30.00 of the HTSUS. Customs is hereby ordered to reliquidate the subject merchandise under HTSUS subheading 8541.30.00 and to refund all excess duties with interest as provided by law. For the foregoing reasons, plaintiff's motion for summary judgment is granted and defendant's cross-motion for summary judgment is denied. Judgment is hereby entered for plaintiff.