Slip Op. 03-20

**UNITED STATES COURT OF INTERNATIONAL TRADE**
**Before Judge Judith M. Barzilay**

|  |  |  |
|---|---|---|
|  | x |  |
| E.T. HORN COMPANY, | : |  |
| Plaintiff, | : |  |
| v. | : | **Court No. 98-11-03124** |
| UNITED STATES, | : |  |
| Defendant. | : |  |
|  | x |  |

[On proper classification of the chemical compound dichloroethyl ether, Plaintiff's Motion for Summary Judgment Denied; Defendant's Cross-Motion for Summary Judgment Granted.]

Decided: February 27, 2003

*Stein, Shostak, Shostak & O'Hara*, (*Joseph P. Cox*) and *Heather Litman,* for Plaintiff.

*Robert D. McCallum, Jr.,* Assistant Attorney General, United States Department of Justice, *John J. Mahon*, Acting Attorney in Charge, International Trade Field Office, Commercial Litigation Branch, Civil Division, (*Saul Davis*), Senior Trial Counsel, for Defendant.

**OPINION**

**BARZILAY, JUDGE:**

**I. INTRODUCTION**

The court has before it Plaintiff's Motion for Summary Judgment under USCIT Rule 56 and Defendant's Cross-Motion. The issue in this case is the proper classification of dichloroethyl ether ("DCEE"), a chemical compound imported by Plaintiff, E.T. Horn Company ("Horn"). The United States Customs Service ("Customs") classified the product as an ether of monohydric alcohol, Harmonized Tariff Schedule of the United States ("HTSUS") subheading

2909.19.1090, at duty rates of 5.5 percent and 5.6 percent. Plaintiff contends that DCEE should

be classified as a derivative of diethyl ether, HTSUS subheading 2909.11.0000, at a duty rate of

1.0 percent. Disposition of this case rests on whether DCEE is an ether of monohydric alcohol.

The court exercises jurisdiction under 28 U.S.C. § 1581(a).


## II. BACKGROUND

Plaintiff imported DCEE for several years prior to this case being filed. *See Pl.'s Mem.*

*of Points and Authorities in Supp. of Mot. for Summ. J.* ("*Pl.'s Br.*") at 4. During that time

Customs did not dispute Plaintiff's claimed classification of DCEE under HTSUS 2909.11.0000,

finding that, as a derivative of diethyl ether, it was properly classifiable under the subheading for

diethyl ether. *See id.* Derivatives of a compound are classified under the subheading of that

compound according to Subheading Note 1 to Chapter 29 of the HTSUS which states:

> Within any one heading of this chapter, derivatives of a chemical compound (or
> group of chemical compounds) are to be classified in the same subheading as that
> compound (or group of compounds) provided that they are not more specifically
> covered by any other subheading and that there is no residual subheading named
> "Other" in the series of subheadings concerned.

(emphasis in original). A 1996 Customs Laboratory report concluded that DCEE was a

symmetrical acyclic ether,[1] and Customs continued to allow classification under 2909.11.000, as

a derivative of diethyl ether. *See Pl.'s Br.* Ex. 2.[2]

---

[1] The report states: "The sample, a clear, colorless liquid in a glass bottle labeled 'Dichloroethyl Ether,' is Dichloroethyl Ether, a symmetrical acyclic ether (CAS # 11-44-4)."

[2] The determination of the laboratory report that DCEE is a symmetrical acyclic ether is not dispositive of the question of whether it is an ether of a monohydric alcohol or a derivative of diethyl ether. In fact, a later laboratory report prepared by the New York Customs office, a

Despite the decision of Los Angeles Customs to allow the importer's classification, the

Customs office in Houston rejected entries of DCEE classified under subheading 2909.11.0000,

and, instead, required that Plaintiff enter the goods under subheading 2909.19.1090, as an ether

of monohydric alcohol, other than methyl tertiary-butyl ether ("MTBE"). *See Pl.'s Br.* at 4. The

relevant portion of the HTSUS (1996) reads as follows:

```
2909            Ethers, ether-alcohols, ether-phenols, ether-
                alcohol-phenols, alcohol peroxides, ether
                peroxides, ketone peroxides (whether or not
                chemically defined), and their halogenated,
                sulfonated, nitrated or nitrosated derivatives:
                    Acyclic ethers and their halogenated,
                    sulfonated, nitrated or nitrosated
                    derivatives:
2909.11.00              Diethyl ether.........................1%

2909.19                 Other:

2909.19.10                  Ethers of monohydric alcohols..5.6%

2909.19.1010                    Methyl tertiary-butyl ether
                               (MTBE)

2909.19.1090                    Other
```

Plaintiff protested the entries at the Port of Houston by filing a Protest and Application

for Further Review on January 3, 1997. *See Pl.'s Br.* at 4. Customs responded by issuing

Headquarters Ruling Letter No. 961267 on April 27, 1998, affirming that DCEE should be

classified under subheading 2909.19, as an "Other" ether of monohydric alcohol. *See id.* at 5.

---

summary of which is the first attachment of *Def.'s Resp. to the Court's Questions/Letter of July 18, 2002*, states that DCEE "is an ether of a monohydric alcohol," and "conclude[s] that DCCE [*sic*] is a halogenated derivative of an ether of a monohydric alcohol."

Plaintiff claims that DCEE is not an ether of monohydric alcohol. Defendant claims that it is an ether of monohydric alcohol. Both parties assert that this issue is ripe for summary judgment because resolving the proper classification of DCEE is one of interpretation of the tariff schedule and not a factual determination as to the chemical nature of DCEE. The court agrees. Summary judgment is appropriate because "there is no dispute concerning the basic characteristics of the subject" merchandise. *Chevron Chem. Co. v. United States*, 23 CIT 500, 502, 59 F. Supp. 2d 1361, 1364 (1999). Summary judgment is appropriate when "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." USCIT R. 56(c); *see also Anderson v. Liberty Lobby*, 477 U.S. 242, 247-48 (1986).

### III. STANDARD OF REVIEW

Classification decisions are presumed to be correct. 28 U.S.C. § 2639(a)(1) (1999). The presumption does not apply when there is no material fact at issue, because the presumption does not carry force with questions of law. *Universal Elecs. Inc. v. United States*. 112 F.3d 488, 492 (Fed. Cir. 1997). When there are no factual issues in the case, the "propriety of the summary judgment turns on the proper construction of the HTSUS, which is a question of law," subject to *de novo* review. *Clarendon Marketing, Inc. v. United States*, 144 F.3d 1464, 1466 (Fed. Cir. 1998) (noting that legal issues are subject to plenary review by this Court and the Court of Appeals); *see also* 28 U.S.C. § 2640. "To assist it in ascertaining the common meaning of a tariff term, the court may rely upon its own understanding of the terms used, and it may consult

lexicographic and scientific authorities, dictionaries, and other reliable information sources." *Brookside Veneers, Ltd. v. United States,* 847 F.2d 786, 789 (Fed. Cir. 1988) (citations omitted). The court will also consider the reasoning of a Custom's classification ruling, to the degree the ruling exhibits a "power to persuade" as outlined in *United States v. Mead Corp.*, 533 U.S. 218, 235 (2001) (quoting *Skidmore v. Swift & Co.*, 323 U.S. 134, 140 (1944)).

### IV. DISCUSSION

A.      Interpretation of HTSUS Heading 2909 and Note 1.

The first step to a correct decision in this case is determining the meaning of Note 1 of Chapter 29 quoted above. The parties agree that if DCEE is an ether of monohydric alcohol, then Note 1 requires that it be classified under Defendant's claimed provision: 2909.19.1090. *See Pl.'s Br.* at 8; *Def.'s Mem. in Opp. to Pl.'s Mot. for Summ. J. and in Supp. of Def.'s Cross-Mot. for Summ. J.* ("*Def.'s Br.*") at 5. If it is not an ether of monohydric alcohol, but a derivative of diethyl ether, then Note 1 dictates that it should be classified as Plaintiff claims along with diethyl ether under 2909.11.0000. To restate the proposition in terms of Note 1, if DCEE is an ether of monohydric alcohol, it is "more specifically provided for" under 2909.19.1090. If it is not an ether of monohydric alcohol, and is a halogenated derivative of diethyl ether, then it should be classified with the chemical compound of which it is a derivative – diethyl ether. Defendant does concede that DCEE can be a halogenated derivative of diethyl ether, but refutes for purposes of this litigation that these specific entries of DCEE are in fact a derivative of diethyl ether because they are not in fact "made from" diethyl ether. *See Def.'s Br.* at 18 (quoting *McGraw-Hill Dictionary of Scientific and Technical Terms* definition of "derivative"

(McGraw-Hill 1979)).

Defendant adds an additional caveat, that if there is a "residual Other" subheading within the heading, then DCEE belongs under that subheading, in this case the same subheading as Customs' claimed classification of ether of monohydric alcohol other than MTBE -- 2909.19.1090.

The court agrees with the parties that if DCEE is an ether of monohydric alcohol, then it is not necessary to rely on the instructions contained in Note 1 regarding proper treatment of derivatives under the tariff schedule or how to define the term "residual Other." If DCEE is not an ether of monohydric alcohol, then the court must determine the meaning of Note 1. Therefore, the next step for determining the proper classification is to ascertain the meaning of ether under the HTSUS. As detailed below, the court finds that DCEE is an ether of a monohydric alcohol; therefore, it need not reach a conclusion regarding the full scope of Note 1.

B.    The meaning of "ether" under the HTSUS.

Having explained the bases for the alternatives for classification of DCEE under HTSUS 2909, the court now turns to the issue of whether DCEE is an ether of monohydric alcohol. As stated above, Plaintiff and Defendant do not agree on whether DCEE is an ether of monohydric alcohol nor do they agree on how to determine exactly what constitutes an ether of monohydric alcohol. In the text which follows, the court explains why it agrees with Defendant's definition of the term "ether." In brief, Defendant explains that an ether is an alcohol that has been dehydrated; an element, water, has been removed from the alcohol. *Def.'s Resp. to the Court's*

*Questions* at 5.[3]

Interpreting the meaning of tariff provisions is consistently viewed as a question of law. *See Bausch & Lomb Inc. v. United States*, 148 F.3d 1363, 1365 (Fed. Cir. 1998) (citing *Universal Elecs., Inc. v. United States*, 112 F. 3d 488, 491 (Fed. Cir. 1997)). Determination of the meaning starts with examination of the terms of the heading and any relative section or chapter notes. *See* HTSUS GRI 1. Explanatory Notes are also used to indicate a meaning, although they are not determinative. *See, e.g., Marubeni Am. Corp. v. United States,* 35 F.3d 530, 535 n.3 (Fed. Cir. 1994). When a term is not specifically defined in the HTSUS nor its legislative history, then courts look to the common meaning of the term, often relying on dictionaries and other reference tools. *See Rubie's Costume Co. v. United States*, 26 CIT__, __, 196 F. Supp. 2d 1320, 1327 (2002) (quoting *Medline Indus. Inc. v. United States*, 62 F.3d 1407, 1409 (Fed. Cir. 1995)). It is also appropriate to look to the term's commercial meaning. *See, e.g., W.Y. Moberly, Inc. v. United States*, 924 F.2d. 232, 235 (Fed. Cir. 1991).

Plaintiff makes two different arguments to show why DCEE is not an ether of monohydric alcohol. First, Plaintiff contends an ether of an alcohol must contain that alcohol in its structure. Second, Plaintiff claims that DCEE is not an ether of a monohydric alcohol because it is not directly produced from a monohydric alcohol. In its initial brief, it cites to the affidavit of its expert, Dr. Max Thomas Wills.[4] Horn sets out the proposition that an ether of monohydric alcohol must include in its structure a monohydric alcohol. "Thus, the lack of a monohydric or

---

[3] The court requested further information from the parties by letter dated July 18, 2002.

[4] Professor of Chemistry, California Polytechnic State University, San Luis Obispo. *Wills Aff.* ¶ 1.

polyhydric alcohol in DCEE precludes DCEE from being an ether of a monohydric or polyhydric alcohol or a derivative thereof." *Pl.'s Br.* at 8, (citing *Wills Aff.* ¶ 10.)[5] In the next round of briefs, Plaintiff contends that DCEE is not an ether of monohydric alcohol because it is not "derived" from 2-chloroethanol, a monohydric alcohol. *Wills Aff. attached to Reply Br.* ("*Wills' Reply Aff.*") ¶ 11. However, it does concede that DCEE is an "ether of 2-Chloroethanol if it is produced therefrom." *Pl.'s Resp. to Def.'s Statement of Material Facts to Which There Is No Genuine Dispute* ¶ 4. Horn also concedes that when DCEE is produced from 2-chloroethanol it can be by a process of dehydration. *Id.* Plaintiff denies that the DCEE in question is an ether of 2-chloroethanol because it is not produced from 2-chloroethanol, and it is not "structurally related" to 2-chloroethanol. *Wills' Reply Aff.* ¶ 8, 9.

Defendant attacks Plaintiff's conclusion that DCEE is not an ether of monohydric alcohol as having "no legal or authoritative scientific basis of which we are aware." *Def.'s Reply to Pl.'s Opp. to Def.'s Cross-Mot. for Summ. J.* ("*Def.'s Reply*") at 6.

The court agrees with Defendant that Plaintiff has not sufficiently supported its contention that DCEE is not an ether of monohydric alcohol. This is in contrast to its detailed support for the fact that DCEE is a halogenated derivative of diethyl ether.[6] Plaintiff relies almost entirely on Dr. Wills' affidavits to support its argument about the proper method to determine if an ether is an ether of a monohydric alcohol, and whether DCEE is indeed an ether of monohydric alcohol

---

[5] Plaintiff makes a subsidiary argument related to "structural relationship." Plaintiff claims that an ether must contain the same carbon-oxygen backbone.

[6] Because the court finds that DCEE is an ether of monohydric alcohol, it does not have to reach the question of whether it is also a halogenated derivative of diethyl ether.

under that method.[7]

The government, in response, offers plausible and supported reasoning for the proposition

that DCEE is an ether of monohydric alcohol. Customs first looks to the Explanatory Notes to

sub-chapter IV, under 29.09 which state:

> Ethers may be considered as alcohols or phenols in which the hydrogen atom of the
> hydroxyl group is replaced by a hydrocarbon radical (alkyl or aryl). They have the
> general formula: (R-O-R[1]), where R and R[1] may be the same or different.

As stated, this definition contains two ambiguities. First, it does not direct a classification,

but states that ethers "may be considered as alcohols" in which the hydrogen atom is replaced by

a hydrocarbon radical. The second ambiguity is the use of the word "replaced." It may be used

to describe the chemical relationship between ethers and alcohols. It also may give support to

Plaintiff's contention that unless the ether is produced by "replacing" the hydrogen atom with a

hydrocarbon radical it is not considered an ether of that alcohol. It is undisputed that the DCEE

in question is not produced by the process of replacing a hydrogen atom with a hydrocarbon

radical. Plaintiff, therefore, argues that, since DCEE is not the result of a process of replacing the

hydrogen atom, then it is not an ether of monohydric alcohol. *See Pl.'s Sur-Reply to Def.'s Resp.*

*to Pl.'s Opp. to Def.'s Cross-Mot. for Summ. J.* ("*Pl.'s Sur-Reply*") at 3. Defendant's argument,

by contrast, assumes that the word "replaced" should be seen as descriptive of the difference

between the two compounds, and that it merely notes the chemical structure relationship - not the

---

[7] The following excerpts of Plaintiff's initial brief address the issue directly:
1) Thus, the lack of a monohydric or polyhydric alcohol in DCEE precludes DCEE from being an ether of a monohydric or polyhydric alcohol or a derivative thereof (*Wills Aff.* ¶ 10). *Pl.'s Br.* at 8.
2) As there is no monohydric or polyhydric alcohol in this chemical structure of DCEE, it is not an ether of a monohydric or polyhydric alcohol, nor a derivative thereof. *Wills Aff.* at ¶ 10.

manufacturing relationship.  *See Def.'s Reply* at 7.  Defendant's argument is bolstered by the fact

that the Explanatory Notes states that ethers can be described as having a "general formula."  The

word "formula" indicates to the court that it is the structure of the compound, not its production

process, that is critical to determining its classification.

Defendant also supports its case by noting that DCEE is listed in the Explanatory Notes as

a symmetrical acyclic ether along with diethyl ether, di-isopropyl ether, dibutyl ether and

dipenthyl ether.  Defendant contends that this listing supports its conclusion that the key to

defining ethers of monohydric alcohols is that they contain the same "carbon relationship with

water and alcohols."  *Def.'s Reply Br.* at 9.  Plaintiff, however, disputes that a carbon structure

analysis is useful.  Instead, it contends the proper structural analysis is one that looks at the

carbon-oxygen backbone, and that DCEE does not share a carbon-oxygen backbone with 2-

chloroethanol, and, therefore, should not be considered structurally related.  *See Pl.'s Reply to*

*Def.'s Cross-Mot. for Summ. J. and Opp. to Pl's Cross-Mot. for Summ. J.* (*"Pl.'s Reply Br"*) at 7.[8]

Defendant counters that a carbon-oxygen backbone analysis would not work, because di-

---

[8] In its initial brief Horn argued that DCEE is not an ether of monohydric alcohol because it does not contain monohydric alcohol in its structure; and it is a halogenated derivative of diethyl ether.  Therefore, in accordance with subheading Note 1 it should be classified with diethyl ether.  *Pl.'s Statement of Material Facts* ¶ 13.  In its reply brief it counters Defendant's argument that DCEE is an ether of a monohydric alcohol (2-chloroethanol), by arguing, "DCEE cannot scientifically be considered a derivative of 2-chloroethanol under either of the relevant definitions.  As a consequence, DCEE is not classifiable under Subheading 2909.19.10, HTSUS as a monohydric alcohol."  *Pl.'s Reply Br.* at 7 (The two definitions are "produced from" or "structurally related.").  Implicit in this statement is that "derivative" is a broader category than "ether of."  Therefore, if DCEE is not a derivative of 2-chloroethanol then it cannot be an ether of 2-chloroethanol.  At oral argument Plaintiff was more explicit, stating that: "And, I would state there that the definition of how an ether is produced is more narrow, [than a derivative] and that it would actually have to be made from.  And in this case we do not have an ether made from a monohydric alcohol."  *Oral Arg. Tr.* at 14: 8-12.

isopropyl ether, dibutyl ether and dipenthyl ether are listed in the Explanatory Notes as symmetrical acyclic ethers but they "do not contain any monohydric or polyhydric alcohols in their structures" and "do not possess the same carbon/oxygen backbone of their related alcohols. However, they **do** have the same carbon structure of those alcohols." *Def.'s Reply Br.* at 9 (emphasis in original).

Defendant also contends that the listing of DCEE in the Explanatory Notes along with other ethers supports its position that DCEE should be seen primarily as an ether and not as a derivative.[9] *Def.'s Resp. to the Court's Questions* at 5. However, this is unpersuasive since both parties agree that DCEE can be considered an acyclic ether and a halogenated derivative of diethyl ether, under different circumstances. The listing in the Explanatory Notes does not solve the question of whether it is an ether of monohydric alcohol. It merely restates what is already known.

Looking beyond the HTSUS and its supporting documents, the government points to other scientific references to support its determination. *Id.* The definition for ethers in *The Condensed Chemical Dictionary,* (Van Nostrand Reinhold Co., 7th ed. 1966 )("*Chemical Dictionary*"), states:

> Chemically, ethers are compounds of neutral character derived from alcohols by elimination of water (one molecule of water from two molecules of alcohol). A better general characterization is that an ether is an organic compound in which an oxygen atom is interposed between two carbon atoms in the molecular structure.

---

[9] The Notes provides a list of symmetrical acyclic ethers:
> (1) Diethyl ether. . . .
> (2) Di(chloroethyl) ether, or dichlorodiethyl ether.
> (3) Di-isopropyl ether.
> (4) Dibutyl ether.
> (5) Dipentyl ether (diamyl ether).

*Chemical Dictionary* at 381.

This definition provides foundation for Defendant's position. It indicates that for chemistry purposes it is the relationship between the alcohol and the ether by method of dehydration that is the common method for defining an ether. In addition, by using a secondary definition that focuses on the structure of the compound, and not its method of production, the *Chemical Dictionary* supports Defendant's argument that the court need not consider how the DCEE at issue here was actually produced in order to decide the correct classification.

Plaintiff discounts the first part of this definition because the definition predates Plaintiff's manufacturing methodology which does not rely on dehydration. Therefore, Horn contends, it does not apply in this case. Plaintiff addresses the second part of this definition by focusing on what the term "structurally related" means.[10]

Plaintiff relies on Dr. Wills for the proposition that other ethers of monohydric alcohol are actually produced from those monohydric alcohols and that "[d]ehydration is the only practical commercial method for the manufacture of these ethers." *Pl.'s Sur-Reply* at 3 (citing *Wills Aff. to Pl.'s Sur-Reply* ¶ 5).

Further, Dr. Wills contends that, as a general rule, ethers do not share the same carbon-oxygen backbone with the monohydric alcohol they are produced from, which means, according to his interpretation of the term, they are not "structurally related." *Wills Aff. attached to Pl.'s Sur-Reply* ¶ 6. Plaintiff also contends that, even if the court were to use a carbon-only backbone

---

[10] This portion of Plaintiff's argument relies on an assumption that an ether must be a derivative of the monohydric alcohol if it is an "ether of." Plaintiff does not make this argument explicitly. However, in its briefs it claims that DCEE is not a derivative of 2-chloroethanol. *Pl.'s Sur-Reply* at 2-3. This statement makes sense only if it means: DCEE is not an ether of 2-chloroethanol because it is not a derivative of 2-chloroethanol. *See* note 6 *supra*.

definition for structurally related, DCEE is not structurally related to 2-chloroethanol. DCEE and diethyl ether both contain two 2-carbon segments. DCEE and diethyl ether's backbone is C-C-Oxygen-C-C. 2-chloroethanol's backbone, according to Dr. Wills, is C-C-oxygen. Plaintiff, however, does not provide any support for use of the carbon-oxygen backbone, or for interpreting the carbon backbone to mean 2-carbon segments.[11]

To lend further support to its position, Defendant cites *Ullman's Industrial Organic Chemicals* ("*Ullman's*")*,* which supports the idea that the link between an ether and an alcohol is one of dehydration. Vol. 4 (Wiley-VCH 1999). While ethers may be produced from various compounds, *Ullman's* states: "[e]thers are generally prepared by catalytic dehydration of alcohols or by reaction of alkyl halides with alkoxides." *Id.* at 2188.

Despite the complexity of determining the proper meaning of the phrase "ether of monohydric alcohol," the words of the HTSUS and reference to other persuasive sources provide an answer. The HTSUS divides ethers between those of monohydric and polyhydric alcohols. Although ethers can be produced by multiple methods, the tariff schedule divides them according to their relationship to a corresponding monohydric alcohol. Chapter 29 Subheading Note 1 provides an alternative for classification if a compound does not have a direct relationship with an alcohol.

The *Chemical Dictionary*, *Ullman's* and the Explanatory Notes all indicate that in

---

[11] Defendant also provides an affidavit of an expert, Dr. James Canary, Associate Professor and Associate Chair of the Department of Chemistry, New York University. Dr. Canary disputes that the carbon-oxygen backbone should be used to define structurally-related, because "[t]here are many other examples in the HTSUS in which compounds classified as derivatives do not contain the same carbon-oxygen backbone." *Canary Decl. attached to Def.'s Reply Br.* at ¶ C.

common usage and under the tariff schedule, it is the relationship of an ether and a corresponding alcohol that is the important relationship for distinguishing various compounds under the heading at issue. Furthermore, it is "dehydration" which defines that relationship. In some cases, an ether will actually be made from an alcohol, but there are several different methods of producing the same chemical compound. As Defendant points out, the tariff schedule should not be interpreted by reference to the method of producing the chemical compound at issue, instead of the relative simplicity of the finished product's chemical structure. Relying on method of production would undermine any consistency in the classification of imported chemicals, as new and complex chemical processes are developed constantly.

Further, the court rejects Plaintiff's contention that "structurally related to" means that an ether must contain the alcohol it is related to. This is an overly narrow interpretation of the phrase "related to."[12] Plaintiff essentially limits "structurally related to" to mean sharing the same chemical structure. As Defendant points out, if "structurally related to" requires that any ether contain the monohydric alcohol it is related to, then no ether would be related to a monohydric alcohol. This is because the generally accepted meaning of ether is that of an alcohol which has been dehydrated, so by definition an ether is an alcohol with some element removed. If it is necessary that "acyclic ethers of monohydric alcohols must contain the monohydric alcohol in their structure, the provision for acyclic ethers of monohydric alcohols, and the ethers of polyhydric alcohols would be eviscerated." *Def.'s Br.* at 13-14.

---

[12] *Webster's Ninth New Collegiate Dictionary* (1988) defines "relate" as "to show or establish logical or causal connection between." This definition also indicates that to be "related to" does not require that a derivative contain the same structure, merely that there be a "logical or causal connection between" the two structures.

The court finds that where an ether can be described by a chemical formulation which represents dehydration of a monohydric alcohol resulting in an ether, whether actually produced by that process or not, it should be considered an ether of monohydric alcohol for classification purposes.[13]

Relying on a definition of "ether" that looks to the chemical structure of the compound, and not its method of production is consistent with traditional rules of tariff schedule interpretation. "It is a well-established principle that classification of an imported article must rest upon its condition as imported." *Carrington Co. v. United States*, 497 F.2d 902, 905 (CCPA 1974) (citing *United States v. Baker Perkins, Inc.*, 46 CCPA 128 (1959)). To define "ether" based upon its production process would lead to chemical compounds with exactly the same chemical structure – expressed in exactly the same chemical formula – being classified as different items. HTSUS 2909.19.1090 is an *eo nomine* provision "in that [it describes] goods by 'specific names' and ones 'known to commerce.'" *Chevron Chem.*, 59 F. Supp. 2d at 1367 (quoting *United States v. Bruckmann*, 582 F.2d 622, 625 (CCPA 1978)). Unless there is evidence of contrary legislative intent, an *eo nomine* provision naming "an article without terms of limitation . . . is deemed to include all forms of the article. *Id.* (citing *Nootka Packing Co. v. United States,* 22 CCPA 464, 469-70 (1935)). Ensuring uniformity and fair application of the customs laws is a "primary purpose or function of this Court." *Amorient Petroleum Co. v. United States*, 9 CIT 197, 203, 607 F. Supp. 1484, 1489 (1985) (citing H.R. Rep. No. 1235, 18-19, *reprinted in* 1980 U.S.C.C.A.N. 3729-30).

---

[13] Using this definition of "ether of monohydric alcohol" means that the court does not directly address the question of what is the appropriate "backbone" analysis, except to the extent that dehydration touches on that analysis.

In this case DCEE's chemical composition is identical to that which would occur as the result of dehydration of a monohydric alcohol (2-chloroethanol).  DCEE is, therefore, an ether of monohydric alcohol, even though the product imported by Plaintiff is not actually manufactured by the process of dehydration from a monohydric alcohol.  DCEE, therefore, is specifically provided for under the HTSUS subheading 2909.19.1090 as an ether of monohydric alcohol other than MTBE.  Because it is specifically provided for under that subheading, it does not need to be classified as a derivative of diethyl ether according to the terms of Subheading Note 1 to Chapter 29.

## V. Conclusion.

Customs' classification of DCEE under 2909.19.1090 is sustained.  Plaintiff's Motion for Summary Judgment is denied.  Defendant's Cross-Motion for Summary Judgment is granted.  Judgment will be entered accordingly.

Dated:_____                    _____
         New York, NY                                    Judith M. Barzilay
                                                         Judge